JAMES WALLACE *et al.*

*v.*

CHARLES H. GOOLD.

1. PRACTICE IN THE SUPREME COURT—*review of facts on appeal from an appellate court.* The Supreme Court can not review the findings upon the facts on an appeal from an Appellate Court, except in the cases enumerated in the 88th section of the Practice act,—that is, in criminal cases, and cases in which a franchise or a freehold, or the validity of a statute is involved.

2. AGENCY—*declaration of agent as binding on his principal.* Declarations made by one after he has ceased to act as agent can not bind his principal, and are not admissible in evidence.

3. A principal will be bound by the statements of his agent whilst acting within the scope of his authority, when made in reference to the business of the agency, and if made immediately after the transaction, they may be admitted in evidence as a part of the *res gestœ.*

4. SAME—*and herein, when an agency terminates.* Where an agent is employed to secure a debt of his principal, which he does by taking the indorsement of notes by the debtor to his principal, his agency does not cease while he still holds the notes and his acts have not been approved by his principal. Until such notes are accepted by the principal, the agent's declarations are admissible in evidence against the principal.

5. BILL OF EXCEPTIONS—*when necessary.* Where the record fails to show the instructions given for a party, it can not be determined that there was error in refusing others. Error will not be presumed, but it must be shown by the record.

6. INDORSEMENT—*whether as indorser or as guarantor.* Where the payee indorses a note in blank, the legal presumption is, that he assumes only the liability of an assignor, and to rebut this presumption it must be clearly shown that he agreed to guaranty its payment at the time he indorsed the same. If one, not the payee, indorses the note at its execution, he will be presumed to do so as guarantor, and so of a person having no interest in the note as payee or indorsee. But such presumption may be rebutted.

APPEAL from the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. EDWIN S. LELAND, and the Hon. NATHANIEL J. PILLSBURY, Justices.

Mr. EGBERT PHELPS, for the appellants.

Mr. E. F. BULL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action in the circuit court, brought by appellants, on the guaranty indorsed on a note payable to appellee. Appellee pleaded, denying that he ever executed the guaranty, and verified the plea by affidavit. On a trial the jury found for defendant, and plaintiffs removed the case to the Appellate Court for the Second District, and on a trial that court affirmed the judgment, and the case is brought to this court on appeal, and a reversal is asked.

The Appellate Court having affirmed the judgment of the circuit court, we must hold, in the absence of a certificate of its findings, that they found the facts sufficient to sustain the verdict. We must treat their judgment as conclusive of the facts as found by the jury, and liken their judgment to the verdict of a jury at common law, and before the adoption of our statute authorizing this court to review the finding of the jury, and determine whether it is sustained by the evidence. By that practice the evidence was never passed on in the appellate court; but decisions, and the rulings of the court on the trial had *ore tenis*, were embodied in the bill of exceptions, and this was its office. If the party offered evidence, this, of course, did not appear in the record, nor did the judgment of the court on such an offer. So, where the court was asked to instruct the jury, the request and the allowance or refusal were all oral, and did not appear of record; but that such decisions might be reviewed, the offer of the evidence, stating what it was and the decision of the court thereon, was reduced to writing by the party objecting, stating that he objected and excepted to the decision of the court, and it was signed and sealed by the court, and was called a bill of exceptions, and thereby became a part of the record in the case, and the decision of the court could, in that manner, be brought before the

appellate court for review. The same was the practice on allowing or refusing motions and any other decision of the court in the progress of the case or on the trial. Until our statute allowing this court to review the evidence and findings of the jury, as well as the decisions of the judge trying the case, the evidence found no place in the bill of exceptions. Where an instruction was asked and refused, the bill of exceptions stated that evidence had been adduced tending to prove the issue in reference to which it was asked; or, if there was no such evidence on which to base the instruction, the bill of exceptions so stated, that the appellate tribunal might see it was a mere abstract proposition of law the party had moved the court to announce to the jury. In this mode a record was made, from which it could be determined whether the rulings of the court to which exceptions had been taken were erroneous.

The 87th section of the Practice act, (Pub. Laws 1877, p. 153,) provides: "If any final determination of any case, as specified in the preceding sections, shall be made by the Appellate Court as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought, by appeal or writ of error, it shall be the duty of such Appellate Court to recite, in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause."

The 89th section of the same act provides, that "the Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or appellate courts upon controverted questions of fact, in any case, excepting those enumerated in the preceding section." (The preceding, or 88th, section, enumerates criminal cases and cases in which a franchise or freehold, or the validity of a statute, is involved.)

Thus it is seen that we are precluded from examining the evidence, to determine whether it sustains the finding of the Appellate Court, in all cases except those enumerated in the 88th section of the act. It, therefore, follows, that when the Appellate Court affirms the judgment of the circuit court, it, by force of this statute, becomes conclusive upon us as to the facts, as was the verdict of a jury at common law.

Assuming, then, the finding of the Appellate Court to be final, did the circuit court err in its decision of the law on the trial of the case?

It is first insisted that the evidence clearly shows appellee did guaranty the payment of the note. To this we can only say, the jury found the other way, and the Appellate Court, by affirming the judgment, has found that their verdict is warranted by the evidence. We are thereby precluded from examining the evidence, as the statute has made that finding conclusive of the facts. We are positively prohibited from considering the evidence, and must assume he did not guaranty the payment of the note.

It is next urged that Prescott's evidence as to what Wilder said when he returned to the store, immediately after seeing appellee and procuring his indorsement of the note, was erroneously admitted. It is admitted that Wilder was the agent of appellants to procure security for their debt at and during the time he procured appellee's indorsement, but it is urged his agency ceased as soon as that was done, and that when his agency ceased his declarations could not bind his principals. If this is true, then appellants' proposition is correct, as declarations made by a person who has ceased to act as an agent can not bind his former principal. But had his agency ceased? We think clearly not, as he still held the note and his acts had not been approved by his principals. He still held the note as their agent, and he had it under his control as fully as was the note he had taken from the maker to appellants, which he surrendered to him when he took this note from Hopkins payable to appellee. This note was fully under

his control, and had not been delivered to appellants nor accepted by them, as the jury seem to have found. No reason is perceived why he could not have made some other arrangement and surrendered this as he had done with the other note. Had he done so, will it be contended that appellants could have sued and recovered of appellee, notwithstanding it might have been thus surrendered and canceled by Wilder after he made the statements admitted in evidence, and to which exceptions were taken? We not only think his agency had not ceased, but the declarations were made so near the time appellee indorsed the note that they formed a part of the *res gestœ*, and were admissible as such. The principal will be bound by the statements of his agent, whilst acting in the scope of his authority, when made in reference to the business he is transacting, as agent, for his principal. This is such familiar law, that it requires the citation of no authority for its support.

It is next urged, that the court erred in refusing to give to the jury the 12th, 13th, 14th and 15th instructions, asked by appellants. It is a sufficient answer to say, the record fails to show that all the instructions that were given for appellants are embodied in the bill of exceptions. From anything appearing in the record, the court may have given others embodying all the legal principles, if any, these contain. We can not presume error, but it must be shown before we can reverse. On turning to the bill of exceptions, we find that only appellants' refused instructions are set out as a part of the record; but, aside from all this, the instructions are not correct, and were properly refused.

Where the payee indorses a note in blank, the legal presumption is that he only intends to assume the liability of an assignor, under the statute, and to rebut that presumption it must be clearly shown he agreed to guaranty the payment at the time he indorsed it. Some courts hold, that the guaranty must be written before the payee signs the indorsement to become liable as guarantor. Where, however, a person not a payee indorses the note at the time it is executed, then the

presumption is that he indorses as guarantor; and so of a person having no interest in the note as payee or indorsee indorsing it in blank, after its delivery,—he is presumed to do so as guarantor. But this presumption may be rebutted. In this consists the distinction. The law never presumes that the payee or indorsee of a promissory note intends to guaranty its payment simply because he indorses it in blank, but a stranger, having no interest in the note, is presumed to intend to become a guarantor by so indorsing it. These instructions were, therefore, properly refused.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*