KATIE HECKER, Plaintiff in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Defendant in Error.

*Opinion filed December 17, 1907—Rehearing denied Feb. 6, 1908.*

1. ORDINANCES—*when a speed limit ordinance ceases to be in force.* Where an ordinance permits a speed of twenty miles an hour for railroad trains in a certain district after crossing-gates have been erected, but provides that a former section of the ordinance limiting the speed to ten miles shall remain in force until the gates are in operation, the section so referred to ceases to operate when the gates and appliances are put in operation and is not revived by a subsequent failure of the companies to operate the gates.

2. PLEADING—*when evidence is properly excluded for variance.* Where the negligence charged in one count of a declaration against a railroad company is a violation of a certain section of an ordinance regulating the speed of trains, but the evidence shows such section was not in force at the time of the injury, all evidence relating to such count is properly excluded.

3. CONSTITUTIONAL LAW—*legislature cannot discriminate between parties in regulating appeals.* The legislature has power to regulate appeals and writs of error, but it has no right to discriminate between the parties and allow an appeal to one party from an adverse decision and not allow it, upon equal terms, to the other.

4. SAME—*proviso to section 120 of Practice act of 1907 is invalid.* The proviso to section 120 of the Practice act of 1907, (Laws of 1907, p. 468,) making both law and facts open to review in the Supreme Court where the Appellate Court reverses a judg-

ment without awarding a trial *de novo* because it has found the facts differently from the trial court, is unconstitutional, in that it discriminates between the parties in allowing the appellee to have the facts reviewed if the judgment of the Appellate Court is against him whereas the appellant has no such right if he is defeated.

5. APPEALS AND ERRORS—*questions of fact not open to review because Appellate Court reverses on the facts without remanding.* Controverted questions of fact are not open to review in the Supreme Court in cases at law merely because the Appellate Court has reversed a judgment as a result of finding the facts differently from the trial court.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. L. C. RUTH, Judge, presiding.

This is a writ of error to review the judgment of the Appellate Court for the Second District, reversing, without remanding, a judgment for $5000 rendered in favor of the plaintiff in error, against the defendant in error, in an action on the case for a personal injury. The Appellate Court in its judgment found, from the evidence, that the defendant was not guilty of the negligence charged in the declaration.

The only question argued, except questions of fact, is whether there was a variance between the third count of the declaration and the evidence introduced in support of it.

KNIGHT & HOYNE, HIRAM BLAISDELL, and CHARLES H. WAYNE, (OLIVER R. BARRETT, of counsel,) for plaintiff in error.

D. B. SHERWOOD, and W. S. KENYON, (J. M. DICKINSON, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The injury of plaintiff in error occurred in Chicago, where Halsted street is crossed by the railroad tracks of the defendant in error and the Chicago and Alton Railroad

Company. A train of the latter company ran over and cut off the arm of the plaintiff in error, who alleges that she was placed in a dangerous position and lost her arm by the negligence of the defendant in error. The third count sets out an ordinance of the city of Chicago limiting the rate of speed of passenger trains to ten miles an hour, but districting the city, and providing that within the first district a greater rate of speed than twenty miles per hour shall be unlawful. It is alleged that the place of the accident is within the first district; that the ordinance provides for the erection and maintenance, at street crossings, of gates and signal bells, and that it is further provided that the section limiting the rate of speed to ten miles an hour shall remain in force until the gates and appliances above provided for should be constructed and in operation. The count then alleges that there were no such gates or appliances constructed or in operation, and that the defendant in error negligently ran its cars across Halsted street at a rate of speed in excess of ten miles an hour, viz., eleven miles an hour. It does not allege that the consent of the mayor or commissioner of public works was required to entitle the defendant to avail itself of the provisions of the ordinance in regard to the rate of speed, or that such consent was not obtained, or that the gates, towers and other erections and appliances constructed were not in accordance with the requirements of the ordinance in all respects. The evidence shows that the gates and tower, with signal bell, had been constructed and were in operation before the accident, for a period of six months or longer, but the operation of the gates had been abandoned and for six months immediately preceding the accident they had not been operated. Under the ordinances, as set forth in that count, when the gates and appliances provided for had been constructed and put in operation, the section limiting the rate of speed to ten miles per hour ceased to be any longer in force, and it would not be revived by the negligence of the

defendant in error in failing to operate the gates. The negligence charged in this count being a violation of the section of the ordinance limiting the rate of speed to ten miles an hour and the evidence showing that that section was not in force, the court properly excluded all the evidence so far as that count was concerned.

The arguments, except on the question just considered, are directed entirely to questions of fact arising on the evidence. When the Appellate Courts were established, the Practice act was amended by providing that the Supreme Court should re-examine cases brought to it by appeal or writ of error as to questions of law, only, and that no assignment of error should be allowed calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact in any except certain enumerated cases. (Laws of 1877, p. 153.) Accordingly, this court has not, since the adoption of that amendment, reviewed judgments of the Appellate Court in cases of this character on controverted questions of fact. (*Wallace* v. *Goold,* 91 Ill. 15; *Chicago and Alton Railroad Co.* v. *Flaherty,* 202 id. 151.) By an act passed June 3, 1907, (Laws of 1907, p. 444,) the Practice act was revised, and there were added to the exceptions from the provision that the Supreme Court should re-examine cases as to questions of law only, amongst others, actions at law where the Appellate Court reverses the judgment of the trial court without awarding a trial *de novo,* as the result, wholly or in part, of finding the facts different from the finding of the trial court, in which cases both the facts and the law shall stand for review in the Supreme Court as in the Appellate Court.

This amendment gives an appeal, on the facts, to the appellee if judgment goes against him because of the facts, and denies such appeal to the appellant under the same circumstances. In an action of the character of this, if the plaintiff appeals from a judgment against him and the Appellate Court affirms the judgment, thus finding the facts

231—37

the same as the trial court, he cannot have the facts reviewed in this court by a further appeal. But if the Appellate Court reverses the judgment because of finding it to be contrary to the evidence, the appellee, by stipulating that final judgment may be entered against him in the Supreme Court if his appeal is not prosecuted with effect, may have the facts reviewed in this court by appeal. So if a defendant appeals from a judgment against him he is concluded from a review of the facts if the judgment is affirmed, while if it is reversed by reason of a finding of the facts his opponent may appeal and have the facts reviewed in this court. The amendment is not, in this respect, a valid enactment. It denies to suitors the equal protection of the laws and confers special privileges, thus violating section 22 of article 4 of the constitution of the State. The parties do not come into the Appellate Court on equal terms. The law discriminates between them. They do not stand equal before the law and do not receive its equal protection. Section 19 of article 2 of the constitution declares ,that "every person ought to find a certain remedy in the laws for all injuries and wrongs which he may sustain in his person, property or reputation." But if the remedy of an appeal to the Supreme Court in which a review of the facts may be had is granted to one party and denied to another, then every person does not have that certain remedy which this provision of the constitution was intended to guarantee. In *Sanitary District* v. *Bernstein,* 175 Ill. 215, the court said: "Every citizen has an equal right with every other to resort to the courts of justice for the settlement and enforcement of his rights, and it is true that a discrimination between different classes of litigants which is merely arbitrary in its nature is a denial of that right and of the equal protection of the law. If, however, there be a reasonable ground of distinction, so that the discrimination does not appear to be purely arbitrary or evasive of constitutional rights, we think that

the legislature has a discretion to impose conditions or restrictions which they may deem in furtherance of justice. That discretion cannot be controlled by the courts, but its exercise must be left to the wisdom and sense of justice of the legislature."

In that case the provision of the Eminent Domain act authorizing the allowance to the defendant of an attorney's fee upon the dismissal of a petition by the petitioner was held to be based on a reasonable distinction and to be valid. So provisions for the allowance of attorney's fees, in certain suits for wages and suits against railroad companies for stock killed by reason of their failure to fence their tracks, have been held valid as police regulations. (*Vogel* v. *Pekoc,* 157 Ill. 339; *Peoria, Decatur and Evansville Railway Co.* v. *Duggan,* 109 id. 537; *Perkins* v. *St. Louis, Iron Mountain and Southern Railway Co.* 103 Mo. 52.)   But the imposition of an attorney's fee upon railway companies omitting to pay certain claims within a certain time after presentation was held unconstitutional. (*Gulf, Colorado and Santa Fe Railway Co.* v. *Ellis,* 165 U. S. 150.)   And the provision of a statute creating a lien, allowing attorney's fees to the successful plaintiff but none to the successful defendant, has been held to be an unconstitutional discrimination. (*Grand Rapids Chair Co.* v. *Runnells,* 77 Mich. 104; *Davidson* v. *Jennings,* 27 Col. 187.)   In *Durkee* v. *Janesville,* 28 Wis. 464, in holding that an act providing that costs should not be recovered against the city in an action brought to set aside any assessment or tax deed or to prevent the collection of taxes in the city was in conflict with the rule of equality, in that suitors in all other cases were entitled to recover their costs, the court said: "It is obvious there can be no certain remedy in the laws where the legislature may prescribe one rule for one suitor or class of suitors in the courts and another for all others under like circumstances, or may discriminate between par-

ties to the same suit, giving one most unjust pecuniary advantage over the other."

The legislature has the right to regulate appeals and writs of error, but it has no right to discriminate between the parties. It cannot allow an appeal to one party from an adverse decision and deny it to the other. It is obvious that a law providing that the defendant should have the right to appeal from the judgment of the trial court but the plaintiff should not, would be an unjust discrimination. It is equally unjust that the appellee or defendant in error should be entitled to appeal from the judgment of the Appellate Court while the appellant or plaintiff in error can not. The fact that the Appellate Court and the trial court have differed in their judgment affords no sensible reason for discriminating in favor of either party as to the right to appeal. If the matter is still open for an appeal, it must, in justice, be equally open to either party. The litigants should be looked on with equal favor by the law and have the same right to appeal, and the same questions should be open to each.

As far as it confers upon appellees, only, the right to have questions of fact reviewed in this court the statute cannot be sustained, and questions of fact in cases at law are not open to review in this court merely because the Appellate Court has reversed the judgment of the trial court as a result of finding the facts differently.

The question of fact not being open to review and no error of law appearing in the record, the judgment is affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.