In the Superior Court of the State of California
In and for the County of Sonoma, Dept. One.

Emmett I. Donohue, Plaintiff,
vs
A. W. Baker, Defendant.

No. 15443.

20

This is an appeal from the Small Claims Court of Petaluma Township. The appeal is taken by the defendant from the judgment of Justice of the Peace John P. Gallagher, sitting as a justice, presiding in the Small Claims Court, who gave judgment for the plaintiff for the sum of $33.10.

The notice of appeal does not state whether the appeal is taken on questions of law or fact, nor does the section of the code authorizing an appeal to be taken from the Small Claims Court to the Superior Court indicate how the case is to be disposed of in the Superior Court—whether it is to be heard on a statement or is to be tried de novo.

Section 927—j, C. C. P. provides as follows:

"The judgment of said court (Small Claims Court) shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may, within five days from the entry of said judgment against him, appeal to the Superior Court of the county in which said court is held, and if final judgment is rendered against him in such Superior Court, then he shall pay, in addition to said judgment, an attorney's fee to the plaintiff in the sum of fifteen dollars."

It will be noted that this section, granting the right of appeal from the Small Claims Court, gives to the defendant, if dissatisfied, the right of appeal but denies the same privilege to the plaintiff. The Court cannot avoid the conlusion

that in giving the defendant the right of appeal and denying the same right to the plaintiff an arbitrary discrimination has been made between the parties and does not give the plaintiff an equal protection of the law with the defendant, and is therefore in violation of the Federal and the State Constitutions. The fourteenth amendment of the Federal Constitution forbids any state to deny to any person the equal protection of its laws, and the State Constitution requires that all laws of a general nature shall have a uniform operation (Article I, Section 11) and prohibits the Legislature from passing special laws regulating the practice of courts of justice (Article IV, Section 25). Numerous cases are to be found holding that a law is general and uniform in its operation if it applies to all persons within a class founded upon some natural or intrinsic distinction but is special and not uniform if dependent upon any other sort of classification (Mordecai vs. Board of Supervisors of Madera Co., 183 Cal. 434).

The provisions of section 1195, C. C. P., which allowed an attorney's fee to foreclose a mechanics lien to plaintiff, if successful, but making no allowance for an attorney's fee for defendant, if successful, was held unconstitutional by the Supreme Court in Builders Supply Depot vs. O'Connor, 150 Cal. 265. In that case the Court says:

"This provision is in our opinion violative both of the Federal and the State Constitution—of the fourteenth amendment of the former, which guarantees to

every person the equal protection of the law and of the provisions of the State constitution which provide that general laws shall be uniform, prohibit special laws and declare the inalienable rights of all men of acquiring, possessing and protecting property. A statute which gives an attorney's fees to one party in an action and denies it to the other, and allows such fee in one kind of action and not in other kinds of actions where, as in the statute here in question the distinction is not founded on constitutional or natural differences, is clearly violative of the constitutional provisions above mentioned."

Section 927-j, which gives the defendant the right of appeal and denies the plaintiff the same right, also allows the plaintiff an attorney's fee on appeal, if judgment is rendered against defendant, and therefore is subject to the same objection as was urged against section 1195, C. C. P., in Builders Supply Depot vs. O'Connor, supra.

The question involved here of allowing one party to the action to appeal and not allowing the other party to the action to appeal, while not having been passed upon directly in this State so far as the Court has been able to find, has been directly passed upon in other jurisdictions. In Hecker vs. Illinois C. R. Co. 231 Ill. 574; 83 N. E. 456, the Supreme Court of Illinois had under consideration a statute regulating appeals from the Appellate Courts to the Supreme Court of that State, which statute permitted one party to the action to appeal and not the other. In that

case the Court holding the statute unconstitutional says:

"This amendment gives an appeal on the facts to the appellee if judgment goes against him because of the facts, and denies such appeal to the appellant under the same circumstances. * * * The amendment is not, in this respect, a valid enactment. It denies to suitors the equal protection of the law, and confers special privileges, thus violating Section 22 of Article 4 of the constitution of the State. The parties do not come into the Appellate Court on equal terms. The law discriminates between them. They do not stand equal before the law, and do not receive its equal protection. * * * The Legislature has the right to regulate appeals and writs of error, but it has no right to discriminate between the parties. It cannot allow an appeal to one party from an adverse decision and deny it to the other. It is obvious that a law providing that the defendant should have the right to appeal from the judgment of the trial court but the plaintiff should not, would be an unjust discrimination. * * * If the matter is still open for an appeal, it must in justice be equally open to either party. The litigants should be looked on with equal favor by the law and have the same right to appeal, and the same questions should be open to each."

Hecker vs. Illinois C. R. Co., **supra**, holding a statute similar to the one under consideration in the instant case unconstitutional, is cited and approved and the same rule announced **in re** Rochester, 224 New York, 386.

Section 927-j being in conflict with the provisions of the Constitution and therefore invalid, the only question remaining is, can an appeal from the small claims court be taken under the provisions of the Code regulating appeals from the justice's court. Section 974, C. C. P., provides that a party dissatisfied with the judgment of a police or justice's court may appeal therefrom to the Superior Court.

It has been suggested that the statute creating the small claims court does not create a new court, and that the court therein provided for is in fact the justice's court. If an action brought in a small claims court can be construed as an action brought in the justice's court, then an appeal might be had under section 974, C. C. P., but an examination of the act relative to the small claims court can lead but to the conclusion that the Legislature intended to create a new and separate court.

The title of the act creating the Small Claims Court and by which the sections relating to the small claims court were added to the code in 1921, is as follows:

"An act to amend part two, title eleven, chapter twelve, of the Code of Civil Procedure by adding thereto seven-

teen new sections, to be numbered and designated sections nine hundred twenty-seven to nine hundred twenty-seven p, inclusive, creating a Small Claims Court, prescribing the procedure therein and prescribing the method of appealing therefrom.

"Sections 927 and 927a so added to the Code are as follows:

"927. All justices of the peace shall exercise the jurisdiction conferred by this title and while sitting in the exercise of said jurisdiction shall be known and referred to as the small claims court: provided that the jurisdiction of such justices court, when sitting as a small claims court, shall be confined to cases for the recovery of money only where the amount claimed does not exceed fifty (50) dollars, and the defendant named is a resident of the township or city and county where the action is to be maintained.

"927a. Actions shall be commenced, heard and determined in the small claims court under the provisions of this title whenever any person appears before any justice of the peace and executes an affidavit substantially in the form set forth in section 927b of this title.

"Section 927b gives the form of affidavit, which is entitled 'In the small claims court,' etc., and provides that on

it shall be an order directed to the defendant, stating 'you are hereby directed to appear and answer the within and foregoing claim at my office (etc.) _____ Justice of the Peace.' Section 927c requires 'the judge of the court' to draft the affidavit on request and then requires 'the justice' to file it, make a copy, sign the order to appear and mail same to the defendant or cause it to be served on him. Section 927d requires 'the justice' to fix a date for the defendant's appearance and inform plaintiff thereof. Section 927e requires that 'the justice shall enter in the docket kept by him as a justice of the peace' certain facts. Sections 927f, 927g and 927h refer to the 'small claims court,' and section 927g also refers to the 'justice,' as does section 927i. Section 927h refers to 'said court.' Sections 927k, 927l and 927m give the form of a notice and undertaking on appeal and of an abstract of the judgment, all of which are entitled 'In the small claims court,' etc., and refer to a judgment of 'the above entitled court.' Section 927c requires 'the board of supervisors of every county wherein said small claims court shall exist' to furnish every justice of the peace stationery, etc., 'for the use of such justice sitting as a small claims court.' Section 927p provides that the county shall pay to 'the justice' his postage expended 'when the said justice was sitting as such

small claims court' and that in certain cases 'the justice of the small claims court' may collect fees.''

The small claims court is referred to in the title of the act creating the court as a **small claims court** and is so designated whenever mentioned. It is true that the justice is sometimes referred to, but this reference is made to the judge and not to the court. The legislature has constitutional power to establish inferior courts and to provide that the judges of existing courts shall preside over others which are newly created (Balkum vs. State, 40 Ala. 676) and this the legislature has done with respect to the small claims court. It has created a new and distinct court over which the justice of the peace presides. This conclusion cannot be avoided when the facts are considered that in the title to the act creating the court it is designated a small claims court and no reference is made to the justice's court, that the small claims court has jurisdiction only up to the amount of fifty dollars; that the defendant must be a resident of the township; that the parties to the action are not permitted to appear by counsel; that the summons or order to bring the defendant into court is mailed by the justice; that the demurrer, answer and other pleadings are dispensed with; that no provision is made for the defendant setting up a counter claim; that no trial by jury may be had; that no charge or fee for filing the affidavit to commence the action is required; that no attachment may issue, and numerous other reasons that might be assigned.

If it is not a separate and distinct court, the act with relation to it would be void under the provisions of Section 24, Article IV, of the Constitution, which requires the subject of every act to be expressed in its title. The only subject mentioned in the title of this act is the creation of a small claims court. An act will, if possible, be construed so as to render it valid rather than void (Matter of the Application of Ahart for Writ of Habeas Corpus, 172 Cal. 764). This act will bear a construction to bring its provisions within its title.

Section 927j providing for appeals from the small claims court which permit the defendant but not the plaintiff to appeal to the Superior Court being void, as it denies to the suitors the equal protection of the law and confers special privileges, and the small claims court being a separate and distinct court from the justice's court, there is no provision for an appeal to the Superior Court from the small claims court.

It follows that the appeal now before the Court must be dismissed and it is so ordered.

Dated this April 5, 1926.

ROSS CAMPBELL,
Judge of the Superior Court.