ROBERT O. Y. WARREN v. ANCHOR MOTOR FREIGHT, INC., OF DELAWARE, a Delaware corporation.

(*April* 16, 1951.)

CAREY, J., sitting.

*William Prickett* for plaintiff.

*Albert L. Simon* for defendant.

Superior Court for New Castle County, No. 573, Civil Action, 1950.

CAREY, J.:

■ ■   It has frequently been held in Delaware that the

violation of a rule of the road such as the ones here involved is negligence *per se* but that such negligence is not actionable, nor is it available under a plea of contributory negligence, unless it is a proximate cause of damage to another. *Lynch v. Lynch,* 9 *W. W. Harr.* 1, 195 *A.* 799. Ordinarily, whether such negligence is a proximate cause is a jury question but, like most such questions, it should be left to the jury only when there is a dispute of fact or when more than one reasonable inference may be drawn from the proven facts. 38 *Am. Jur.* 1056, *et seq.* For example, in *Brown v. Schendelman,* 4 *W. W. Harr.* 50, 143 *A.* 42, the Court held that there was no causal connection between the violation of the ordinance there involved and the injury complained of, and sustained a demurrer to the declaration for that reason. In *Lindsay v. Cecchi,* 3 *Boyce* 133, 80 *A.* 523, 35 *L. R. A.* (*N. S.*) 699, the Supreme Court found that there was no possibility of causal connection between the violation of a cited statute and the injury to the plaintiff, and held that the lower Court was wrong in submitting the case to the jury.

In the present instance, the defendant argues that the matter of proximate cause as applied to these two counts should be left to a jury, but, from the facts as gathered from the complaint and answer, I am unable to perceive any causal relation between the alleged violation of these two sections and the occurrence of the accident. The proximity of the railroad track and the nearness of the crest of a hill are simply of no significance in relation to the occurrence of this collision. In my opinion, it would be error to submit the issue of proximate cause to a jury under these circumstances. *Salvitti v. Throppe,* 343 *Pa.* 642, 23 *A.* 2d 445, 138 *A. L. R.* 842.

The foregoing conclusion answers the substance of defendant's argument and makes it unnecessary to consider certain other contentions made by counsel. Plaintiff's motions will be granted.