JACOB WEALTH and H. V. HIGLEY, Administrator of Veterans' Affairs, an Officer of the United States of America, Plaintiffs, v. FRANK J. RENAI, Defendant.

(*March* 2, 1955.)

LAYTON, J., sitting.

*Louis J. Finger* for Plaintiffs.

*William Prickett* for Defendant.

Superior Court for New Castle County, No. 637, Civil Action, 1954.

LAYTON, J.:

Plaintiff interposes two grounds of objection to defendant's motion to strike, (1) that such a motion is improper and (2) that inasmuch as it is not clear that the section in question excludes pedestrians from its scope, defendant's motion must be denied.

Plaintiff is clearly correct in objecting to the form of defendant's motion. A motion to strike under Superior Court Rules, Civil rule 12(f), *Del. C. Ann.*, is not proper where it seeks the dismissal of one of the causes of action in a complaint as a matter of law. This was the function of the old demurrer, now abolished by the new Rules of Civil Procedure. A motion to dismiss one or all the causes of action asserted in the complaint, depending upon the case is proper. The very reading of the Rule indicates the impropriety of attempting to use a motion to strike in the instant case.

"(f) Motion to Strike. Upon motion made by a party * * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Defendant's motion to strike is denied as a matter of form but for the sake of brevity will be considered as a motion to dismiss. I now turn to the merits of the argument.

█ It is settled law that when one violates the provisions of a statute enacted for the safety of others, he is guilty of negligence *per se*. However, in order to be actionable, there must be a causal connection between the statutory violation and the injury complained of. *Lindsay v. Cecchi*, 3 *Boyce* 133, 80 *A.* 523, 35 *L. R. A., N. S.*, 699. A clear illustration of the principle may be observed in *Brown v. Schendelman*, 4 *W. W. Harr.* 50, 143 *A.* 42, 44, where a child playing on a vacant lot fell into a fire, which was lighted within 50 yards of a street, in violation of a city ordinance. The Court held that while the existence of the fire within 50 yards of a street was a violation of the ordinance and negligence *per se*, there was no causal relation between it and the child's death for the reason that the purpose of the ordinance was to protect property or passersby on the sidewalks and,

"If the purpose was to protect persons who might be wandering anywhere on a vacant lot, why was the limitation of 50 yards [from sidewalks] employed? A fire built 100 or 200 yards away might be equally dangerous to such persons."

And in *Warren v. Anchor Motor Freight*, 7 *Terry* 188, 81 *A.* 2d 321, plaintiff pulled out to pass a truck at a railroad crossing. Just as he was opposite the truck, it swung over into plaintiff's lane and collided with him. Following plaintiff's suit for negligence, the truck owner filed a counterclaim alleging negligence of the plaintiff in violating the same statute now under consideration. The Superior Court dismissed the counterclaim upon the ground that there was no causal connection between plaintiff's violation of the statute and the accident.

Now, it is altogether clear that the statute, insofar as it prohibits the passing of motor vehicles going in the same direction at railroad crossings, is designed to prevent accidents between motor vehicles and railroad trains. Why? Because no one expects anything to be traveling upon railroad tracks except trains.

█ But insofar as this section relates to the passing of automobiles at intersections, it is far from clear, despite defendant's argument to the contrary, that it was designed only to pre-

vent vehicular accidents. Why? For the reason that, in addition to motor vehicles, one may expect to find crossing at such intersections, pedestrians, persons on bicycles, etc.

Defendant suggests that an intention not to include pedestrians within the protective scope of the act is manifest from the fact that the title of the sub-chapter of the *Code* in which it appears is entitled "Rules of the Road" and that another sub-chapter of the *Code* is devoted to Pedestrians. However, as plaintiff points out, if this argument were sound, pedestrians would be excluded from the protection of other prohibited acts such as driving while drunk, speeding and driving through a red light, none of the sections governing which appear under the heading of Pedestrians. Defendant's argument is not persuasive.

In my judgment, the act may very well have had in mind the protection of pedestrians using intersections. In any event, it is far from certain that it excludes pedestrians from the scope of its protection.

Accordingly, defendant's motion to dismiss is denied.