HOWARD J. HOLLINGSWORTH, JR., Plaintiff, v. THE CHRYSLER CORPORATION, a corporation of the State of Delaware, Defendant.

*(July* 19, 1957.)

CHRISTIE, J., sitting.

*George Tyler Coulson* and *Andrew B. Kirkpatrick, Jr.,* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 234, Civil Action, 1957.

CHRISTIE, J.:

On the last day for the filing of an answer to the complaint, defendant filed a motion to strike the complaint "for the reason that it violates Rule 8(a) and is argumentative." No answer has been filed, and plaintiff seeks a default judgment on the basis that Rule 12(a), *Del. C. Ann.* requires that an answer be filed within 20 days except where a motion permitted under Rule 12 alters the 20-day period.

Plaintiff contends that defendant's motion is not and could not be made pursuant to Rule 12 and that for this reason the filing of such motion does not enlarge the time for filing the answer.

Defendant argues that a default in this very active case would be ridiculous since the Court would feel compelled to grant relief from such default under Rule 60(b). Defendant also argues that the motion filed was, in fact, a motion permitted under Rule 12 and that defendant's objections to the complaint clearly fall within Rule 12(f). The Court also notes that it may enlarge the time limit for filing an answer under Rule 6(b) (2).

Rule 12 does not specifically provide for a motion to strike an entire complaint, nor does it prohibit such motion. I am of the opinion, that for purposes of the present application, defendant's motion to strike should be regarded as a motion permitted under Rule 12(f) even though there is authority tending to indicate that a motion to strike an entire complaint is not usually made under Rule 12(f). *Wealth v. Renai,* 1955, 10 *Terry* 289, 114 *A.* 2d 809; *Myers v. Beckman, D. C. Okl.* 1940, 1 *F. R. D.* 99. The cited cases deal with the niceties of the proper rule under which to bring particular objections to complaints or other motions. The issues there at stake did not include a default judgment. These cases do not control and are not persuasive here. There is excellent authority for a holding that an entire pleading may be stricken under Rule 12(b). 2 *Moore, Federal Practice* 2316 and cases cited.

In any case, it has been the general policy of this Court to treat the service of a motion to strike a pleading as a motion permitted under Rule 12 for the purpose of enlarging the time limits for further pleading. This policy is certainly in keeping with the spirit of the Rules. There is no apparent reason to depart from this course.

The motion for a default judgment is denied.