JOHN T. JOHNSON and MICHAEL JOHNSON, Plaintiffs, v. DOLORES HAMILTON, and EDWARD WILSON (Intervenor), Defendant.

(*October* 18, 1962.)

LYNCH, J., sitting.

*Victor F. Battaglia* (of Theisen and Lank) for Plaintiffs.

*H. Alfred Tarrant, Jr.* (of Cooch and Taylor) for Defendant Dolores Hamilton, Justice of the Peace.

*Robert B. Walls, Jr.* (of Coxe, Booker, Walls and Cobin) for Defendant Edward Wilson (Intervening Defendant).

Superior Court for New Castle County, No. 653, Civil Action, 1962.

LYNCH, J.:

In this action plaintiffs seek a writ of prohibition—to prohibit Dolores Hamilton, a Justice of the Peace, from hearing and determining two different actions brought by two different persons against the plaintiffs Johnson for the recovery of property damages sustained to two automobiles owned by the two plaintiffs in the two actions, in which action the plaintiffs in this case were involved.

Melvin Simmers, the owner of a parked car—one of the cars involved—filed an action in trespass before the Court of Justice of the Peace Hamilton, defendant, against the Johnsons, seeking to recover because of the damage inflicted to his automobile in the accident.

Then one Edward Wilson, the owner of the other car, filed a suit, again in the Court of Justice of the Peace Hamilton, against the Johnsons seeking to recover the damages inflicted to his car.

Each claimant alleged his car sustained damages in excess of $400.00 in the accident.

Title 10 *Del. C.*, § 9303(a) provides:

"(a) Justices of the peace shall * * *, have jurisdiction of actions of trespass and trespass on the case for injuries in * * * damaging goods or chattels * * * when the damage claimed in such account does not exceed $500."

The jurisdiction of a Justice of the Peace is limited; his authority is derived solely and entirely from our statute. *State v. Stoesser*, Del. Super., 183 A. 2d 824 (1962).

The plaintiffs in this case, as the defendants in two cases, brought before the Court of the Justice of the Peace Hamilton, contend that because the total of the two claims asserted against them arising from the one accident is approximately $800 and arise from the same accident, the Justice of the Peace Hamilton has no jurisdiction over the two cases.

I cannot agree with any such contention and hold it has no merit. As indicated by the affidavit of defendant Hamilton, we have one suit here for $410, brought by one plaintiff against the plaintiffs in this suit, and a separate and distinct suit brought against the plaintiffs in this suit for $450 brought by another plaintiff, one of the defendants in this action.

■ The above cited statute inhibits only suits in a Justice's Court totaling more than $500 brought by the same Plaintiff on the same cause of action. This has been made clear by this Court. *Messick v. Dawson*, 2 Harr. 50 (Super. Ct., 1836), and see also *Billingsley v. Wilckens, Staats & Co., Inc.*, 1 Boyce 60, 74 A. 366 (Super. Ct. 1909).

The Justice of the Peace Hamilton labelled the pleading filed by Wilson as a "Statement of Crossclaim" rather than docketing it as a "Statement of Claim", but it is amply clear from the record that there are two different cases brought by two different plaintiffs. Does the matter of how the suit papers in the Wilson suit were labelled make a difference, and if so, in what respect?

The fact remains it was a claim of Wilson against Johnson for property damage in the amount of $450 based on Johnson's negligence.

■ This Court, has for a long time followed the rule that mere matters of form in labelling pleadings are of no importance; the contents of pleadings are looked to in seeking that justice is done.

*Wealth v. Renai*, 10 Terry 289, 114 A. 2d 809 (Super. Ct., 1955) illustrates this attitude. There the defendant filed a motion to strike a paragraph from a complaint. The plaintiff objected on the ground that "such a motion is improper" and that a motion to dismiss should have been filed.

This Court readily agreed that the motion to strike was improper and that the defendant should have filed a motion to dismiss. The Court nevertheless brushed aside the technical objection and went ahead and resolved the matter on its merits, saying (10 Terry at page 290, 114 A. 2d at page 810):

"Plaintiff is clearly correct in objecting to the form of defendant's motion. A motion to strike under Superior Court Rules, Civil rule 12(f), *Del. C.*, is not proper where it seeks

the dismissal of one of the causes of action in a complaint as a matter of law. This was the function of the old demurrer, now abolished by the new Rules of Civil Procedure. A motion to dismiss one or all the causes of action asserted in the complaint, depending upon the case is proper. The very reading of the Rule indicates the impropriety of attempting to use a motion to strike in the instant case.

"[The Court here quoted the Rule in full]

"Defendant's motion to strike is denied as a matter of form but for the sake of brevity will be considered as a motion to dismiss. I now turn to the merits of the argument."

That a Court should avoid technical interpretation on procedural matters, so as to render justice on the matters, was well stated by Collins, M. R. in *In re Coles* (1907) 1 K. B. 1, 4:

"Although I agree that a Court cannot conduct its business without a code of procedure, I think that the relation of rules of practice to the work of justice is intended to be that of handmaid rather than mistress, and the Court ought not to be so far bound and tied by rules, which are after all only intended as general rules of procedure, as to be compelled to do what will cause injustice in the particular case."

Even before the new Rules were adopted by this Court and by the Court of Chancery, our Supreme Court had stated:

"The well recognized principle that the conduct of a trial is largely within the discretion of the trial Judge is not questioned." (*Perrine v. Pennroad Corporation*, 29 Del. Ch. 531, 533, 47 A. 2d 479, 490 (Supreme Ct., 1946).)

While Rule 1 of this Court, *Del. C.* which states that the procedural rules "shall be construed to secure the just, speedy, and inexpensive determination of every proceeding," has no binding effect on Justices of the Peace, never-

theless it states a refreshing principle in dealing with procedural matters which can and should be exercised by any Court under its discretionary powers.

Plaintiffs have wholly failed to show a single cause of action has been split in an effort to circumvent the statute; on the contrary, two separate and distinct suits were filed against the plaintiffs in this action by separate plaintiffs, constituting separate causes of action, each seeking damages in tresspass in amounts under $500.00, namely, $410.00 and $450.00. The contents of the pleadings should be looked to, not the labelling.

The requirement and limitation of Section 9303(a) has been adhered in this case; accordingly, I find and conclude there is no basis for the petition for a writ of prohibition, and I, therefore, hold that the Justice of the Peace has jurisdiction over the two claims filed and has statutory power to hear and determine each and/or both claims. The petition for a writ of prohibition therefore is denied and the rule to show cause heretofore issued is discharged.

An order may be presented, effectuating the substance and purport of the opinion, including dissolution of the stay order.