**STATE of Delaware, on the Relation of Bernard CAULK and Delores Caulk, his wife, Plaintiff,**

**v.**

**Judge Frederick J. NICHOLS, of Magistrate Court #13, Defendant.**

Superior Court of Delaware, New Castle.

June 9, 1970.

John S. Grady, Wilmington, for plaintiff.

Brian P. Murphy, Deputy Atty. Gen., Dept. of Justice, Civil Division, Wilmington, for defendant.

## OPINION

MESSICK, Judge.

This is a Motion for Summary Judgment by plaintiffs, Bernard Caulk and Delores Caulk, his wife, and a Motion for Cross Summary Judgment by defendant, Judge Frederick J. Nichols, in a mandamus action wherein plaintiffs are petitioning the Superior Court to order Judge Nichols of Justice of the Peace Court #13 to permit plaintiffs to appeal without security. The facts of the case have been agreed to by stipulation and the basic issue in this action is the legality of 10 Del.C. § 9578(b).

On December 18, 1969, after a hearing before Judge Frederick Nichols, a judgment was entered against the Caulks in favor of Monaghan Realty for $300.00 plus costs. Bond for appeal was set at $600.00 and court costs.

On December 29, 1969, plaintiffs requested a waiver of the security required by 10 Del.C. § 9578(b) on the ground that plaintiffs could not afford to obtain a bond. An affidavit was submitted in support of this request.

On January 2, 1970, security was lowered to $318.60; however, Judge Nichols refused to waive the appeal bond on the ground that he was bound by 10 Del.C. § 9578(b).

On January 16, 1960, plaintiffs filed a writ of mandamus asking the Superior Court to order Judge Nichols to waive the $318.60 security.

On February 13, 1970, plaintiffs and defendant filed motions for summary judgment and cross summary judgment and stipulated to the aforesaid statement of facts. It is undisputed that the plaintiffs Caulk are indigent persons within the OEO poverty guidelines and definitions.

Title 10 Del.C. § 9578 reads as follows:

"(a) An appeal shall be allowed by the Justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal or his agent or attorney praying ·it.

(b) The party appealing shall offer security in such sum as the Justice deems sufficient to cover the judgment appealed from and the costs on the appeal.

(c) An appeal shall be allowed to executors or administrators without security."

Plaintiffs herein argue that 10 Del.C. § 9578(b) contravenes the equal protection and due process provisions of the Fourteenth Amendment to the United States Constitution, and Article I, §§ 7 and 9 of the Delaware Constitution of 1897, as amended, Del.C.Ann.;

Article I § 7 reads in pertinent part as follows:

" * * * he shall not be compelled to give evidence against himself, nor shall he be deprived of life, liberty or property, unless by the judgment of his peers or by the law of the land."

Article I, § 9 reads in pertinent part as follows:

"All courts shall be open; and every man for an injury done him in his reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense."

In addition and alternatively plaintiffs contend that the Justice of the Peace has an inherent common law right to waive the security requirement under appropriate circumstances, or take a personal recognizance instead of a money bond, as in cases from jurisdictions where poor persons are permitted to initiate court actions without the prepayment of costs.

■ The Court finds that the arguments of plaintiffs are without merit.

■ There is no federally guaranteed or inherent right to appeal an adverse judgment in a criminal case. Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In all cases, civil and criminal appeal procedures are the creatures of the constitution or statutes within the jurisdiction, and where civil appeals are permitted, due process and equal protection of the law require only that the right to lodge such an appeal be available to all parties to any given controversy. In duPont v. Family Court For New Castle County, 52 Del. (2 Storey) 72, 153 A.2d 189 (1959), the Delaware Supreme Court struck down a statute which granted the right to appeal a decision from Family Court to a wife, mother and children and denied such right to the husband and father. The Court said:

"The right to review by appeal the proceedings of an inferior statutory tribunal in this state exists only to the extent to which it is granted by the Constitution and Laws of the state. Casey v. Southern Corporation, 26 Del.Ch. 447, 29 A.2d 174; Elbert v. Scott, 5 Boyce 1, 90 A. 587. There is no right of appeal in civil cases from the Family Court or, for that matter, from any Delaware Statutory court, provided for by the Delaware Constitution. It follows, therefore, that if such right exists it must be created by statute. "We do not consider it necessary to labor the point that the grant of a right of appeal to one litigant with an accompanying failure to make the same

grant to the other is in law discrimination and, as such, a violation of both the Federal and State Constitutions. Cf. Hecker v. Illinois Central Ry. Co., 231 Ill. 574, 83 N.E. 456; State ex rel. Owen v. Wisconsin-Minnesota Light & Power Co., 165 Wis. 430, 162 N.W. 433."

Since the Constitution of the State of Delaware does not provide specifically for appeal from a Justice of the Peace Court, the statutory provisions for such an appeal are controlling. 10 Del.C. § 9578(b) entitles either party to a controversy to lodge an appeal without discrimination provided that the party appellant complies with the requirements as set forth in the statute. In Williams v. Singleton, 52 Del. (2 Storey) 488, 160 A.2d 376 (1960), the Delaware Supreme Court, in construing 10 Del.C. § 9578(a), held that the time within which an appeal must be filed is a jurisdictional requirement.

It is the opinion of the Court in the instant case that § 9578(b) is also a jurisdictional requirement, and unless sufficient security is offered, the appellate court is without jurisdiction to hear the controversy on its merits. See Ademski v. Ruth, 229 A.2d 837 (Del.Sup.1967).

Having held that § 9578(b) is jurisdictional, clearly a Justice of the Peace is without power to waive the requirement that security be posted by the losing defendant-appellant. It has been held repeatedly in this State that a Justice of the Peace is without power to act unless his action is specifically authorized by statute. State v. Stoesser, 5 Storey 70, 183 A.2d 824 (Del.Super.1962). Johnson v. Hamilton, 5 Storey 133, 185 A.2d 70 (Del.Super. 1962). The statute under consideration herein is mandatory in nature and does not provide for the exercise of any discretion by the Justice of the Peace. Unless security is posted in accordance with § 9578(b), no jurisdiction is conferred upon the Superior Court to entertain the appeal.

Based upon the foregoing, plaintiff's Motion for Summary Judgment is denied and defendant's Cross Motion for Summary Judgment is granted.

It is so ordered.