Carmella SAMMONS, a minor by her next friend, Perry W. Sammons, and Perry W. Sammons, individually, Plaintiffs Below, Appellees and Cross-Appellants,

v.

Margaret RIDGEWAY et al., Defendants Below, Appellants and Cross-Appellees.

Supreme Court of Delaware.

May 30, 1972.

Harold Schmittinger, and John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for plaintiffs below, appellees and cross-appellants.

Grover C. Brown, Dover, for Margaret Ridgeway, defendant below, appellant and cross-appellee.

Roger P. Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for Blanche Clark and Carroll L. Thompson, defendants below, appellants and cross-appellees.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

In this negligence action, the determinative question is whether violation of a State Board of Education regulation, governing the operation of school buses, constitutes negligence per se.

I.

A Statute of this State, 14 Del.C. § 2901,[1] requires the State Board of Education, "by

---

1. 14 Del.C. § 2901 provides:

"§ 2901. *Regulations governing design and operation of school bus*

"The State Board of Education, by and with the advice of the Motor Vehicle Commissioner, shall adopt and enforce regulations not inconsistent with the mo-

tor vehicle laws of this State to govern the design and operation of all school busses used for the transportation of school children, whether such busses be owned and operated by any public school district or privately owned and operated under contract with the State

and with the advice of the Motor Vehicle Commissioner", to "adopt and enforce regulations not inconsistent with the motor vehicle laws of this State to govern the * * * operation of all school busses used for the transportation of school children * * *."

Pursuant to that mandate, the Board of Education promulgated Regulations which included the following:

"(9) Pupils who must cross the road to board the school bus or after leaving the bus shall cross approximately ten feet in front of the bus and only upon the signal given by the driver.

"(10) It is safer for pupils to cross at a minimum of ten feet in front of the bus. (The driver is required by law to actuate the flashing red lights when the bus is stopped to receive or discharge pupils.) Traffic immediately approaching or following the bus should be permitted to pass before the lights are actuated."

The determinative facts of the case are these:

The plaintiff, Carmella Sammons, about 12 years of age, was crossing a State Road when she was struck by an automobile operated by the defendant, Margaret Ridgeway. Carmella had just alighted from a school bus owned by the defendant, Carroll Thompson, and operated by the defendant, Blanche Clark. The bus had stopped on the southerly side of the road; Carmella's home was on the northerly side. Carmella crossed in front of the bus and had just stepped over the center line of the road when she was struck by the Ridgeway automobile which came up from behind the bus.

The plaintiffs[2] charged the defendants Thompson and Clark, *inter alia,* with violations of Regulations 9 and 10. The Trial Judge instructed the jury that violations of those Regulations would constitute negligence per se. The propriety of that instruction is the main question presented here.

The jury returned a verdict against all defendants of $50,000. for Carmella and $2,143.15 for her father; and it found Ridgeway 25% at fault and Clark and Thompson 75% at fault. The defendants appeal; the plaintiffs take a cautionary cross-appeal to be considered only in the event of a reversal.

II.

■ It has been long settled in this State that the violation of a statute or ordinance enacted for the safety of others is negligence in law or negligence per se. Nance v. Rees, Del.Supr., 161 A.2d 795 (1960); Wealth v. Renai, Del.Super., 10 Terry 289, 114 A.2d 809 (1955); Lynch v. Lynch, Del.Super., 9 W.W.Harr. 1, 195 A. 799 (1937); Wollaston v. Stiltz, Del. Super., 1 W.W.Harr. 273, 114 A. 198 (1921); Farrow v. Hoffecker, Del.Super., 7 Pennewill 223, 79 A. 920 (1906).

■ It is likewise settled that regulations of the State Board of Education have the force of law. Steiner v. Simmons, Del.Supr., 35 Del.Ch. 83, 111 A.2d 574 (1955); Evans v. Members of Delaware State Board of Education (D.C.Del.) 145 F.Supp. 873 (1956). This conclusion is especially impelled when, as here, the Board's regulations are mandated, and the legislative power is delegated, by statute explicitly.

■ We find no valid distinction, in the applicability of the negligence per se doc-

---

Board or any public school district in this State. Such regulations shall by reference be made a part of every contract entered into by the State Board or any school district for the operation of a school bus. Every school district, its officers and employees, and every person employed under contract by the State

Board or a school district to furnish or operate a school bus shall be subject to the regulations."

2. Carmella's father, Perry W. Sammons, sued individually and as next friend of his minor daughter.

trine, between a rule of the road prescribed by statute, on the one hand, and one prescribed by regulation of a State agency [3] expressly authorized by statute, on the other. In the area of rules of the road, legislative power has been delegated broadly to the State Department of Public Safety: for example, 21 Del.C. §§ 4107(f), (standards for traffic control signals); 4120(a) (designation no passing zones); 4121(a) (designation one-way traffic streets); 4162 (designation dangerous grade crossings); 4169(b) (speed limits). The accepted general practice has been to apply the doctrine of negligence per se to violations of such determinations of the Department of Public Safety.

■ It is clear that (1) Regulations 9 and 10 were promulgated for the safety of school children; and (2) they have the force and effect of statute. It follows, under our law, that the Trial Court correctly applied to those Regulations the negligence per se rule. In Taylor v. Pennsylvania R.R. Co. (D.Del.) 246 F.Supp. 604 (1965), this development in our law was accurately forecasted.

In opposing the conclusion we reach here, the defendants, Thompson and Clark, point to certain New York cases holding that violations of the safety rules of the Industrial Commission and violations of the building code were mere evidence of negligence. E. g., Schumer v. Caplin, 241 N.Y. 346, 150 N.E. 139 (1925); Major v. Waverly & Ogden, Inc., 7 N.Y.2d 332, 197 N.Y.S.2d 165, 165 N.E.2d 181 (1960). Also relied upon by the defendants is ·Douglas v. Edgewater Park Co., 369 Mich. 320, 119 N.W.2d 567 (1963), wherein rules and regulations of a fire department were held to be mere evidence of negligence. The reliance is misplaced because, unlike the situation here, it appears that the rules and regulations there involved did not have the force and effect of law.

There is no merit in the defendants' contention that Regulations 9 and 10 are private rules promulgated by the bus owner solely for the guidance of his employees.

■ The ruling we make here, extending the negligence per se doctrine to regulations of an administrative agency, is expressly limited to regulations having the statutory basis and the purpose of the regulations here involved. We note that all reported opinions of the courts of this State on the doctrine (see partial list *supra*) involved criminal statutes or ordinances, and almost all involved rules of the road. We note, too, the historical relationship between criminal statutes and the development of the doctrine of negligence per se. See Prosser on Torts, 3rd Ed., Ch. 5, § 35, pp. 191–193. The result reached here is with awareness of the foregoing and of the fact that Regulations 9 and 10 carry no criminal penalties. We find the lack of such penalty an insufficient reason to differentiate these Regulations from other rules of the road, enacted for the safety of the public, which have the force and effect of law. Nothing herein contained is intended, however, to extend the negligence per se rule to regulations of administrative agencies generally.

### III.

The remainder of the defendants' contentions find easy disposition. We hold that:

■ (a) The Trial Court did not err in refusing to admit the testimony of the Board's Supervisor of· Pupil Transportation concerning the purpose and meaning of the Regulations; that is a judicial question.

■ (b) The Trial Court did not err in refusing to admit into evidence the

---

3. Actually, the regulations here were adopted by two State agencies under § 2901: the State Board of Education "by

and with the advice of the Motor Vehicle Commissioner."

entire set of Regulations; most were irrelevant.

■ (c) The Trial Court did not err in refusing to grant judgment for the defendants on the basis of Carmella's alleged contributory negligence; that was a question for the jury.

■ (d) The Trial Court did not err in charging the jury that a school bus driver in Delaware has not discharged his duty when he has deposited his pupil-passenger in a safe location on the side of the highway;[4] Regulations 9 and 10 are to the contrary.

■ (e) The Trial court did not err in instructing the jury:

> "You are also instructed that if an award is made to the plaintiffs, it would be subject to a substantial attorney's fee."

This statement is no more than a restatement of the general rule that each litigant must defray his own legal expenses; it is not, in our opinion, an improper invitation to the jury to grant an excessive award. This view is consonant with State Highway Department v. Buzzuto, Del. Supr., 264 A.2d 347 (1970) wherein we held it proper to inform the jury that a plaintiff's award is not subject to taxes. In the instant case, the Trial Court properly informed the jury as to both "facts of life" in such litigation.[5] The view we expressed to the contrary in Connor v. Lyness, Del. Supr., 284 A.2d 473, 478–479 (1971) is overruled.

\*   \*   \*

Affirmed.

4. The charge, which we here approve, was that the bus driver had a duty to " \* \* the minor plaintiff before and while crossing the road."

5. The charge was as follows:
   "You are instructed that any award which you might make to the Plaintiffs in this case is not subject to federal and state income taxes, and thus if an award is made you should not consider such taxes in fixing the amount of the award. You are also instructed that if an award is made to the Plaintiffs, it would be subject to a substantial attorney's fee."