**Stephanie JOSEPH, a minor by her next friend, Anton Joseph, and Anton Joseph Individually, Plaintiffs Below, Appellants,**

**v.**

**Thelma MONROE, Jack Lewis, Alden B. Murray, Harold Short, Robert L. Tribbitt, Charles H. Mitchell, Charles N. Bireley, William Lambden and Donald T. Collins, comprising the Board of Education of the Indian River School District; Byron Phillips, Principal of the Sussex Central Junior High School; and Colleen Scrimshaw and Alfonso Stevenson, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted May 13, 1980.

Decided Aug. 13, 1980.

Harold Schmittinger (argued) and Douglas W. Lundblad, of Schmittinger & Rodriguez, P. A., Dover, for plaintiffs below, appellants.

Wayne N. Elliott (argued) Wilmington, of Prickett, Jones, Elliott & Kristol, Wilmington, for defendants below, appellees.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

HERRMANN, Chief Justice:

In this appeal, we must decide whether the Superior Court committed reversible error when: (1) it failed to instruct the jury expressly to disregard a certain statement made during closing argument by counsel for the defendants; and (2) it refused to instruct the jury that actions of certain of the defendants could constitute negligence per se.

## I.

The plaintiff, Stephanie Joseph, a sixth grade student, was injured on the school playground during a supervised recess period. The injury occurred when the plaintiff fell and broke her elbow while engaged in an unknown game with other school children near the merry–go–round. In this action, the plaintiffs, Stephanie and her parents, claim that the negligence of the two teachers, defendants Colleen Scrimshaw and Alfonso Stevenson, in supervising the children at play was responsible for the injury. The action was brought against the teachers, their principal, and the Board of Education to recover damages for Stephanie's injuries.

At trial, counsel for the defendants stated in his closing argument:

"Mr. Schmittinger implied that there were not four teachers on the playground. If there were not four teachers on that playground, then, in the course of my case, I have perpetrated a fraud on you, because I have called as witnesses these two teachers here, Mr. Stevenson and Mrs. Scrimshaw, and Mrs. Waters and Mrs. Tyndall. If they were not on that playground that day, then I, as a lawyer, have put witnesses on this witness stand as part of a fraud. If you believe that that is the case, then, by all means, return a verdict for the plaintiff.

"But that was not the case. I think you are convinced of that, that is, that there were these four teachers. These four teachers have testified that they were there, and I assume that you believe them. I do, and I just assume that you do."

After objection by the plaintiffs' counsel, the Trial Court instructed the jury as follows:

"All right, ladies and gentlemen of the jury, there is a fine distinction that is difficult for judges and lawyers, who are used to this sort of thing, to determine when counsel and lawyers are interjecting their own personal beliefs about what has been done in a trial, as opposed to telling you that certain things have been proved by the evidence in this case. Lawyers generally may not put their own reputation or their own beliefs or their own veracity or anything else, in as part of their argument.

"For instance, the difference is maybe best illustrated by may saying that we are talking about a case involving a car stopping for a red light and the lawyer says, 'Members of the jury, we have definitely proven to you that my client did not go through that red light,' as opposed to saying, 'Members of the jury, I go to church every Sunday and I am an ordained minister, and I tell you that I know that he did not go through the red light.'

"Do you see the difference?

"All right, that is enough said. A lawyer may not do that, and Mr. Elliott is going to stop it, if he did cross that line. He may not interject his own personal belief as to whether a witness said something that was true or not true."

The plaintiffs' counsel, nevertheless, renewed the objection, claiming that the jury should have been expressly instructed to disregard the objectionable statements. The Trial Court, however, took no further action.

Later, in the course of the trial, the Trial Court refused the plaintiffs' request that the jury be instructed that noncompliance with certain provisions of the Teacher's Handbook, promulgated by the School District Board of Education regarding the supervisory responsibility of teachers,[1]

1. The crucial provisions in issue are as follows:
 "10. Playground: Playground rules should be enforced in such way as to make the area pleasant and safe. Staff members on playground duty are to be aware of what is happening on the playground at all times. Students who create problems on the playground should be reported to the Principal for disciplinary action. Any injuries should be reported immediately to the nurse or, in her absence, to the office.
 "The Following Comments Might Also Be Helpful:
 "a. Teachers should plan varied activities for students on the playground, when possible.

amounted to negligence per se. The jury subsequently returned a verdict in favor of the defendants. After the close of trial, the plaintiffs filed a motion for a new trial, which was denied by the Trial Court. Plaintiffs appeal; we affirm.

## II.

The plaintiffs' first contention on the appeal is that the Trial Judge's failure to explicitly instruct the jury to disregard the improper remarks of counsel for the defendants constituted reversible error and requires a new trial. It is contended that the credibility of the school teachers, who testified that they were on the playground at the time of the injury, was a crucial issue in the trial; that the failure of the Trial Judge to specifically admonish the jury to disregard defense counsel's remarks regarding the credibility of these witnesses did not erase the serious prejudice caused by the remarks.

 While we agree, of course, that it is improper for counsel to comment on the credibility of witnesses from personal knowledge or from evidence not on the record,[2] every such comment is not necessarily reversible error. The question is whether the improper comments caused sufficient prejudice to the complaining party to warrant reversal or whether the prejudice was cured by the cautionary instructions given by the Trial Court. See *University of Delaware v. Munson*, Del.Supr., 316 A.2d 206 (1974). As we stated in *Chavin v. Cope*, Del.Supr., 243 A.2d 694, 696 (1968):

> "b. Activities which are unsafe and annoying to others should be stopped and time should be taken to organize a worthwhile and safe activity.
> "c. Students are not to enter the building during recess without the permission of a staff member on duty.
> "d. Students should know the proper use of any equipment made available to them on the playground."

*Sussex Central Elementary School, Indian River School District Teacher's Handbook 1977–78*, at 8.

**2.** Disciplinary Rule 7–106(C)(4) of the Delaware Code of Professional Responsibility states:

"Ordinarily, an appropriate instruction to disregard the statement is sufficient to avoid prejudice to the defendant, but an incident may be so flagrant as to require a mistrial. The question is always one for the sound discretion of the trial judge."

 We can find no abuse of discretion by the Trial Judge in this case. The instruction clearly conveyed to the jury that counsel for the defendants had, inadvertently it seems to us, overstepped the bounds of propriety. The omission of explicit language directing the jury to disregard counsel's statement was not reversible error; the clear import of the cautionary instructions given was adequate as an admonition that the jury was to ignore the improper comments.

## III.

The plaintiffs also contend that the Trial Court erred in refusing to instruct the jury that if the defendants acted in violation of the above quoted provisions of the Teacher's Handbook, they would be guilty of negligence per se. The plaintiffs rely heavily on *Sammons v. Ridgeway*, Del.Supr., 293 A.2d 547 (1972), in which this Court held that violation of rules and regulations, promulgated by the State Board of Education governing the design and operation of school busses, constituted negligence per se. This Court there stated:

> "It is clear that (1) Regulations 9 and 10 were promulgated for the safety of school children; and (2) they have the force and effect of statute. It follows,

"(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
"(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein."

We take the occasion to remind members of the Bar of this Disciplinary Rule which is too often forgotten in the heat of advocacy.

under our law, that the Trial Court correctly applied to those Regulations the negligence per se rule."

*Id.* at 550. The plaintiffs argue that, since the School District Board of Education is required to issue rules and regulations regarding the "conduct and management" of the schools in the district pursuant to 14 *Del.C.* § 1049,[3] the provisions of the Teacher's Handbook here involved, like the school bus regulations in *Sammons,* have the force of statute. Thus, the argument goes, violation of the Handbook provision must also constitute negligence per se.

We are unable to accept the plaintiffs' argument. Several controlling differences exist between the regulations here claimed to have the force of statute and those involved in *Sammons*: (1) In *Sammons,* the regulations were promulgated pursuant to 14 *Del.C.* § 2901,[4] which specifically required the State Board of Education to adopt rules and regulations governing school bus "design and operation", and mandated that their application be statewide; in the instant case, on the other hand, the Statute [§ 1049(1)] only requires rules and regulations "for the conduct and management of the schools", with no further specificity; (2) Rule No. 10, *supra,* which forms the basis of this action, also lacks the specificity required for the invocation of negligence per se; it only requires vaguely that a playground area be made "pleasant and safe" and that "[s]taff members on playground duty * * * be aware of what is happening on the playground at all times"; it contains no sufficiently specific statement of supervisory duty, the violation of which would constitute negligence as a matter of law; and (3) those who violated the *Sammons* bus regulations were subject to the statutorily defined civil penalties of breach of contract and removal. 14 *Del.C.* § 2902[5] and

3. 14 *Del.C.* § 1049 provides:

"§ 1049. Policy making.

"The school board of each reorganized school district, subject to this title and in accordance with the policies, rules and regulations of the State Board of Education, shall, in addition to other duties:

"(1) Determine the educational policies of the reorganized school district and prescribe rules and regulations for the conduct and management of the schools;

"(2) Enforce the provisions of this title relating to school attendance;

"(3) Grade and standardize all the public schools under its jurisdiction and may establish kindergartens and playgrounds and such other types of schools, as in its judgment will promote the educational interest of the reorganized school district;

"(4) Adopt courses of study;

"(5) Select, purchase, and distribute free of charge such textbooks and other materials of instruction, stationery, furniture, equipment, apparatus and supplies as are necessary to the work of the schools;

"(6) Provide forms on which regular school employees shall make such reports as may be required by the school board;

"(7) Make all reports required by the State Superintendent of Public Instruction, at such time, upon such items and in such form as may be prescribed by the State Superintendent;

"(8) Appoint personnel."

4. 14 *Del.C.* § 2901 states:

"§ 2901. Regulations governing design and operation of school bus.

"The State Board of Education, by and with the advice of the Motor Vehicle Commissioner, shall adopt and enforce regulations not inconsistent with the motor vehicle laws of this State to govern the design and operation of all school buses used for the transportation of school children, whether such buses be owned and operated by any public school district or privately owned and operated under contract with the State Board or any public school district in this State. Such regulations shall by reference be made a part of every contract entered into by the State Board or any school district for the operation of a school bus. Every school district, its officers and employees, and every person employed under contract by the State Board or a school district to furnish or operate a school bus shall be subject to the regulations."

5. 14 *Del.C.* § 2902 provides:

"§ 2902. Violation of regulations; compliance clause in contracts; penalty.

"Any officer or employee of the State Board of Education or of any school district who violates any of the school bus regulations or who fails to include an obligation binding a contractor to comply with such regulations in any contract executed by him on behalf of a school district shall be guilty of misconduct and subject to removal from office or employment."

§ 2903.[6] Section 1049 here involved, on the other hand, merely grants general rule–making powers to each school district to aid them in their statutory duty to administer and supervise the schools in the district, 14 *Del.C.* § 1043,[7] with no penalty or enforcement provision behind § 1049 or Rule 10, such as those which augment § 2901 in *Sammons.* It would seem highly illogical to permit a rule or regulation to be the foundation of a negligence per se charge when there is no punishment, civil or criminal, for its violation. See 57 Am.Jur.2d *Negligence* § 238 (1971).

We conclude that the rules and regulations here in question do not carry the force and effect of law and that, therefore, there was no reversible error in the Trial Judge's refusal to charge the jury on the issue of negligence per se.

\* \* \*

Affirmed.

6. 14 *Del.C.* § 2903 states:

"§ 2903. Breach and cancellation of contract.

"Whoever, being the operator of a school bus under a contract with the State Board of Education or any school district, fails to comply with any school bus regulation adopted by the State Board shall be guilty of breach of contract and his contract shall be cancelled, after notice and hearing, by the responsible officers of the school district or the State Board."

7. 14 *Del.C.* § 1043 states:

"§ 1043. Authority.

"In each reorganized school district there shall be a school board which shall have the authority to administer and to supervise the free public schools of the reorganized school district and which shall have the authority to determine policy and adopt rules and regulations for the general administration and supervision of the free public schools of the reorganized school district. Such administration, supervision and policy shall be conducted and formulated in accordance with Delaware law and the policies, rules and regulations of the State Board of Education."