IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICHOLAS J. BISHOP,     :
           :  C.A. No: K14C-11-004 RBY
     Plaintiff,   :  In and For Kent County
           :
  v.        :
           :
PROGRESSIVE DIRECT INSURANCE :
COMPANY, a foreign corporation, and :
ENCOMPASS INDEMNITY COMPANY, :
a foreign corporation,    :
           :
     Defendants.  :

*Submitted: October 24, 2016*
*Decided: December 15, 2016*

*Upon Consideration of Defendants'*
*Motion for Summary Judgment*
DENIED

*Upon Consideration of Plaintiff's*
*Motion for Partial Summary Judgment*
DENIED

**ORDER**

Noel E. Primos, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Daniel P. Bennett, Esquire, Mintzer, Sarowitz, Zeris, Ledva & Meyers, Wilmington, Delaware for Defendant Progressive Direct Insurance Company.

Arthur D. Kuhl, Esquire, Reger Rizzo & Darnall, LLP, Wilmington, Delaware for Defendant Encompass Indemnity Company.

Young, J.

## SUMMARY

Nicholas J. Bishop ("Plaintiff") filed a negligence claim against Progressive Direct Insurance Company and Encompass Indemnity Company ("Defendants"). Defendants filed a Motion for Summary Judgment. In response, Plaintiff filed a Motion for Partial Summary Judgment on the issue of Plaintiff's recklessness. Since there is a genuine issue of material fact as to whether Defendants' insured engaged in reckless conduct that would violate 21 *Del. C.* § 4175, Defendants' Motion for Summary Judgment is **DENIED**. Likewise, because there is a genuine issue of material fact as to whether Plaintiff was reckless under 21 *Del. C.* § 4175, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

## FACTS AND PROCEDURE

On March 15, 2014, Plaintiff was involved in a motor vehicle accident with insured James Gohanna in which Plaintiff claims to have sustained injuries. The accident occurred in the southbound lanes of Route 13 near Cheswold, Delaware. Plaintiff and Defendants agree that the accident occurred when two cars in front of Plaintiff moved into other lanes of traffic to avoid striking the rear of Gohanna's car. Plaintiff was unable to stop before running into the back of Gohanna's car despite these two closer vehicles' being able to do so.

Plaintiff asserts that the accident was the result of a road rage incident that started miles before the accident's location. He claims that Gohanna was in the process of harassing, Kimberly Keeler, the driver of one of the vehicles that changed lanes in order to avoid Gohanna. He further asserts that, for miles prior to the accident, Gohanna had been driving erratically by speeding up beside Keeler and

driving closely to her car at her car's side. In Plaintiff's view the accident occurred when Gohanna got in front of Keeler and slammed on his brakes. Plaintiff, who states that he was five car lengths behind the car in front of him and traveling at the speed limit, claims that he had no choice but to hit Gohanna's vehicle.

Defendants assert that Plaintiff rear ended Gohanna as Gohanna gradually slowed down on the highway in order to make a turn. Defendants further note, through an expert report, that under the circumstances of this accident, Plaintiff could not have been traveling both near the speed limit and five car lengths behind the vehicle in front of him.

Plaintiff filed suit on November 4, 2014, against Defendants, James Gohanna and Kimberly Keeler. On April 27, 2016, Gohanna and Keeler were dismissed from this case. Defendants filed a Motion for Summary Judgment on October 7, 2016. Plaintiff filed a Motion for Partial Summary Judgment on October 11, 2016.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[1] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding the motion.[2] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact; the burden then shifts to the nonmoving party to show that there are material issues

---

[1] *United Vanguard Fund, Inc. v. Takecare, Inc.*, 693 A.2d 1076, 1079 (Del. May 22, 1997).

[2] Del. Super. Ct. Civ. R. 56©.

of fact in dispute.[3] The Court views the record in the light most favorable to the nonmoving party.[4] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[5] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[6]

## DISCUSSION

Defendants move this Court to grant their Motion for Summary Judgment, arguing that there are no genuine issues of material fact with respect to this action. Further, they state that there is no legally sufficient basis for a reasonable jury to find them liable for Plaintiff's alleged injuries, were this jury to apply the law to these material facts, since Gohanna did not breach any duty he owed to Plaintiff, and since Plaintiff was greater than fifty percent at fault for his injuries.

Plaintiffs argue that this Court should grant their Motion for Partial Summary Judgment. They argue that there are no genuine issues of material fact with respect to whether Plaintiff was reckless under 21 *Del. C.* § 4175 in running into the back of Gohanna's car. Moreover, they note that they are entitled to judgment as a matter of law with respect to Plaintiff's recklessness, since Plaintiff did not knowingly

---

[3] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010).

[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

[5] *Sztybel v. Walgreen*, 2011 WL 2623930, at *2 (Del. Super. June 29, 2011).

[6] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

disregard a substantial and unjustifiable risk in running into the back of Gohanna's vehicle.

Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment must be **DENIED**. This Court denies Defendants Motion for Summary Judgment, because there is an issue of material fact as to whether Gohanna and Keeler were involved in a road rage incident that led Gohanna to come to an abrupt stop in front of Keeler. If there were such an incident, then Gohanna and Keeler might be found to have violated 21 *Del. C.* § 4175. If either violated 21 *Del. C.* § 4175, then he could not only be negligent *per se*, but he could also be subject to liability regardless of the percentage at which Plaintiff was comparatively negligent on a theory of recklessness.

Plaintiff's Motion for Partial Summary Judgment is **DENIED**, since there is an issue of material fact as to whether Plaintiff was driving the speed limit and was five car lengths behind the nearest vehicle. If Plaintiff was either driving faster than the speed limit or less than five car lengths behind the nearest vehicle he could be found to have been driving recklessly under the circumstances then existing.

## I.    Defendants' Motion for Summary Judgment is DENIED

There is a genuine issue of material fact as to whether Gohanna and Keeler were involved in a road rage incident that led to Gohanna's coming to an abrupt stop in front of Keeler.

It is relevant to determine whether a defendant violated any statutes in determining liability in a negligence case. "Violation of a statute or ordinance enacted

5

for the safety of others is negligence in law or negligence *per se*."[7]

The circumstances of the prior Gohanna/Keeler interactions, if shown to be proximately related to the Bishop/Gohanna collision, are relevant in determining this claim's outcome, since such an incident might violate Delaware's Reckless Driving statute. A person drives recklessly in Delaware when he drives "any vehicle in wilful or wanton disregard for the safety of persons or property."[8] In *Doherty v. State*, the Delaware Supreme Court upheld a Reckless Driving conviction when the defendant ran into a turning horse carriage after attempting to pass it within 100 feet of an intersection, while speeding, at night, on a shoulderless country road.[9] A person stopping abruptly on a highway in the midst of a road rage incident is similar to a person attempting to pass a carriage within 100 feet of an intersection in its wanton disregard for the safety of persons or property. Since the Plaintiff and Defendants disagree with respect to whether any road rage incident led to the accident in the instant action, there is an issue of material fact as to whether Gohanna violated 21 *Del. C.* § 4175 and Defendants are liable.

Those facts also impact whether Plaintiff's comparative fault bars him from recovery. In *Hufford v. Moore*, the Court denied defendants' Motion for Summary Judgment when plaintiff ran into an tree after getting chased by defendant.[10] The

---

[7] *Sammons v. Ridgeway*, 293 A.2d 547, 549 (Del. May 30, 1972).

[8] 21 *Del. C.* §4175.

[9] *Doherty v. State*, 817 A.2d 804, 1 (Del. June 10, 2002).

[10] *Hufford v. Moore*, 2007 WL 4577384, at *1 (Del. Super. Nov. 8, 2007).

Court reasoned that the facts were such that the defendants may be liable under a reckless driving theory.[11] Furthermore, the Court noted that a plaintiff may still recover under a theory of negligence *per se*, because the defendant violated Delaware's reckless driving statute "even if plaintiff is found to be grossly negligent."[12] If Gohanna stopped abruptly in front of Keeler in the midst of a road rage incident then not only might that violate 21 *Del. C.* § 4175, and potentially make Plaintiff's comparative fault irrelevant.

## II. Plaintiff's Motion for Partial Summary Judgment is DENIED

Since there is an issue of material fact as to whether Plaintiff was driving the speed limit and five car lengths behind the nearest vehicle or was not, this Court denies Plaintiff's Motion for Partial Summary Judgment. Whether a person is speeding or following the car in front too closely could be relevant, depending on all circumstances, in determining whether there was reckless driving. As noted above, a person drives recklessly when he drives "any vehicle in wilful or wanton disregard for the safety of persons or property."[13] As shown in *Doherty*, speeding in combination with other unsafe conduct may in some instances be reckless.[14] Moreover, a party may be negligent *per se* when he violates a statute.[15] Given the

---

[11] *Id.* at *2.

[12] *Id.*

[13] 21 *Del. C.* §4175.

[14] *Doherty*, 817 A.2d at 1.

[15] *Sammons*, 293 A.2d at 549.

genuine issue of material fact, the Plaintiff is not entitled to partial summary judgment.

**CONCLUSION**

Since there is a genuine issue of material fact as to whether Defendants' clients engaged in reckless conduct that would violate 21 *Del. C.* § 4175, Defendants' Motion for Summary Judgment is **DENIED**. Because there is a genuine issue of material fact as to whether Plaintiff was reckless under 21 *Del. C.* § 4175, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
cc:    Counsel
       Opinion Distribution