IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| GARY and ANNA-MARIE CUPPELS, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | C. A. No. S18C-06-009 CAK |
| v. | : : | |
| MOUNTAIRE CORPORATION, an Arkansas corporation, MOUNTAIRE FARMS, INC., a Delaware corporation, and MOUNTAIRE FARMS OF DELAWARE, INC., a Delaware corporation, | : : : : : : : | |
| Defendants. | : : | |

**Submitted: December 30, 2019**
**Decided: January 30, 2020**

*UPON CONSIDERATION OF DEFENDANTS'*
*MOTION TO DISMISS CLAIMS BASED UPON*
*THE DOCTRINE OF NEGLIGENCE PER SE*

**DENIED**

## MEMORANDUM OPINION AND ORDER

Chase T. Brockstedt, Esquire, Baird Mandalas Brockstedt, LLC, 1413 Savannah Road, Suite 1, Lewes, DE 19958, Counsel for Plaintiffs.

Stephen A. Spence, Esquire, Baird Mandalas Brockstedt, LLC, 1413 Savannah Road, Suite 1, Lewes, DE 19958, Counsel for Plaintiffs.

Philip C. Federico, Esquire, Schochor, Federico and Staton, P.A., 1211 St. Paul Street, Baltimore, MD 21202, Counsel for Plaintiffs.

Lisa C. McLaughlin, Esquire, Phillips, Goldman, McLaughlin & Hall, P.A., 1200 North Broom Street, Wilmington, DE 19806, Counsel for Defendants.

John C. Phillips, Jr., Esquire, Phillips, Goldman, McLaughlin & Hall, P.A., 1200 North Broom Street, Wilmington, DE 19806, Counsel for Defendants.

Robert S. Goldman, Esquire, Phillips, Goldman, McLaughlin & Hall, P.A., 1200 North Broom Street, Wilmington, DE 19806, Counsel for Defendants

Michael W. Teichman, Esquire, Parkowski Guerke & Swayze, P.A., 1105 North Market Street, 19th Floor, Wilmington, DE 19801, Counsel for Defendants.

F. Michael Parkowski, Esquire, Parkowski Guerke & Swayze, P.A., 1105 North Market Street, 19th Floor, Wilmington, DE 19801, Counsel for Defendants.

Elio Battista, Jr., Esquire, Parkowski Guerke & Swayze, P.A., 1105 North Market Street, 19th Floor, Wilmington, DE 19801, Counsel for Defendants.

**KARSNITZ, J.**

This case involves multiple parties plaintiffs alleging both personal injury and property damage claims which they say resulted from groundwater pollution. The allegations include that defendants violated Delaware Department of Natural Resources and Environmental Control ("DNREC") regulations and permits as well as the Delaware Environmental Control Act. Plaintiffs have filed a motion for class certification which will be addressed at another time. The case has been delayed for a variety of reasons, including an unsuccessful attempt to mediate the claims. It is now, hopefully, on a path to resolution.

Before me is defendants' motion to dismiss all claims grounded in the doctrine of negligence *per se*. Delaware law provides that the violation of a statute or ordinance enacted for the safety of others is negligence *per se*;[1] in other words, the violation of a statute or ordinance is deemed to be conclusive proof of negligence. Superior Court Civil Pattern Jury Instructions uses the term "...negligence as a matter of law..." and specifically provides the following instruction to juries:

---

[1] *Sammon v. Ridgeway*, 293 A.2d 547, 549 (Del. 1972), see also *Capital Management Co. v. Brown*, 813 A.2d 1094, 1099 (Del. 2002).

> If you find that [defendant/plaintiff's name] has violated the [statute/regulation] that I am about to read to you, then you must conclude that [defendant/plaintiff's name] was negligent.[2]

Our Supreme Court has said that "It is well established that the violation of a Delaware statute enacted for the safety of others is evidence of negligence *per se*".[3]

This Court articulated the following standard. A plaintiff must establish four elements to support a claim for negligence *per se:* (1) The statute in question was enacted for the safety of others; (2) the statutory violation proximately caused the plaintiff's injury; (3) plaintiff was a member of the class the statute was intended to protect; and, (4) the statute established a standard of conduct designed to avoid the harm suffered by plaintiff.[4]

Several examples are useful in illustrating the doctrine. In *Sammons v. Ridgeway* our Supreme Court affirmed a determination that the defendant was negligent for violating school board regulations governing children disembarking

---

[2] Superior Court Civil Pattern Jury Instruction No. 5.7

[3] *Duphilly v. Delaware Elec. Co-op, Inc.*, 662 A.2d 828 (Del. 1995)

[4] *Farm Family Ins. Co. v. Verizon Communications, Inc.*, 2011 WL 531941, *1 (Del. Super.)

2

from a school bus.[5] The Court in *Sammons* found no distinction between a rule of the road prescribed by statute, and rules required by regulation by a State agency authorized by statute in appying the doctrine of negligence *per se*. In *Capital Managment Co. v. Brown*, our Supreme Court again affirmed the application of the doctrine to a City of Wilmington ordinance which required landowners (or their agents) to properly maintain encroachments on or over sidewalks.[6] Plaintiff claimed a fire escape had been improperly maintained; it fell and injured plaintiff. The Court described Delaware law as "long settled" that "...the violation of a statute, or regulation having the force of statute, enacted for the safety of others is negligence in law...."[7]

A motion for judgment on the pleadings under Superior Court Civil Rule 12(c) may be filed "after the pleadings are closed but within such time as not to delay the trial."[8] All well pleaded allegations of fact from the complaint are accepted as true and all reasonable inferences are construed in favor of the plaintiff.[9] In this regard, however, the "briefs, containing assertions of fact and

---

[5]293 A.2d at 551.

[6]813 A.2d at 1101.

[7]*Id.* at 1099.

[8]Del. Super. Ct. Civ. R. 12(c).

[9]*Jadczac v. Assurant, Inc.* 2010 WL 445607, at *1 (Del. Super. Ct.)

3

inferences drawn therefrom not present in the pleadings, cannot be considered as part of the pleadings for the purposes of considering this motion."[10]  When considering a motion under Rule 12(c), the Court must decline to construe facts not clearly alleged in the complaint or to decide disputed issues of fact, but rather must confine its review to deciding issues of law as framed by the well pleaded allegations in the complaint.[11]

Rule 12(c) provides a mechanism by which a motion for judgment on the pleadings may be converted to a motion for summary judgment under Superior Court Civil Rule 56 when "matters outside the pleadings are presented to and not excluded by the Court...."[12]  In this case, however, the parties have not presented "matters outside the pleadings," but rather have presented factual contentions and arguments outside the pleadings in the statements of fact and legal arguments within their briefs.  Accordingly, there is no need to invoke Rule 56 because the only "matter" properly before the Court is the plaintiffs' Complaint.

The argument here focused on the first and third requirements for applying negligence *per se*, that plaintiffs show the law in question be enacted for

---

[10]*Fagnani v. Integrity Fin. Corp.*, 167 A.2d 67, 75 (Del. 1960)

[11]*Id.*

[12]Del. Super. Ct. Civ. R. 12(c).

4

the safety of others, and plaintiffs are members of the class to be protected. Some Superior Court cases have narrowed the eligibility requirements to plaintiffs for whose "especial" benefit the statute was enacted.[13] In those cases, plaintiff was not part of an "especial" class for whose benefit the general criminal law was enacted.

Defendants also cite a number of Federal cases refusing to apply negligence *per se* principles. One court refused to apply it to the Pennsylvania Air Pollution Control Act,[14] and another to general environmental protection statutes.[15] Lastly, defendants also claim that *Lechliter v. Delaware Department of Natural Resources and Environmental Control*[16] stands for the proposition that statutes enacted for the benefit of the general public cannot support a claim based upon negligence *per se*.

Defendants argue that the Delaware Environmental Control Act and its regulations inure to the benefit of the public, but do not qualify as "safety" statutes. Rather, according to defendants, the Environmental Control Act is "...the

---

[13]See *Shaffer v. Davis,* 1990 WL 81892 ( Del. Super. 1990), and *Desmond v. Lucks,* 1988 WL 90500 (Del. Super. 1988).

[14]*Mest v. Cabot Corp.,* 449 F.3d 502 (3rd Cir. 2006)

[15]*Winley v. International Paper Co.,* 2012 WL 13047989 (D.S.C. October 23, 2012)

[16]2015 WL 9591587 (Del. Ch. Dec. 31, 2015), aff'd., 146 A.3d 358 (Del. 2016).

5

equivalent of the land use statute and zoning ordinances found not to be "safety statutes" in *Lechliter*". I disagree. The Environmental Control Act and its regulations are to protect both individuals who live near discharge points (an "especial" class) and the public in general.

The cases requiring an "especial" class do not define what it means. In contrast to the cases that raise the "especial" class issues are the many cases, and pattern jury instructions, applying the doctrine to general traffic laws. I dare say that our general traffic laws and regulations benefit all of those who use Delaware highways, which means virtually everyone, and not an "especial" class. Our Courts regularly apply the negligence *per se* concept in the motor vehicle regulation setting.

Here, plaintiffs seek to apply the same concepts to statutes, regulations and even permits which concern release of contaminants into groundwater. There can be no doubt that those statutes, regulations and permits are to protect both the public in general, and those who live near the discharge. For me they are no different than the bus regulation in *Sammons*, or the Wilmington ordinance applied in *Capital Management*.

Defendants raise a number of issues as to why some of the laws, regulations or permits may not apply. I need not and do not decide those questions

6

today. What I do decide is that, pursuant to my view of Delaware law, and accepting the plaintiffs well pleaded facts, they state a claim. I deny defendants' motion.

**IT IS SO ORDERED**

_____
Craig A. Karsnitz

cc:    Prothonotary
       Counsel of Record