**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MARK FANSLER and LINDA GOLDSTEIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N17C-09-015 EMD |
| NORTH AMERICAN TITLE INSURANCE COMPANY, R. MATTHEW LONGO, LONGO & ASSOCIATES, L.P., RICHARD M. LONGO, HILLCREST ASSOCIATES, INC. and GLOBAL TITLE, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION DENYING, IN PART, DEFENDANTS RICHARD M. LONGO AND HILLCREST ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Upon consideration of Defendants Richard M. Longo and Hillcrest Associates, Inc.'s Motion for Summary Judgment (the "Motion") filed by Defendants Richard M. Longo and Hillcrest Associates, Inc. (collectively, "Surveyor"); Plaintiffs' Opposition to Richard M. Longo and Hillcrest Associates, Inc.'s Motion for Summary Judgment (the "Opposition") filed by Plaintiffs Mark Fansler and Linda Goldstein (collectively, "Plaintiffs"); the Second Amended Complaint (the "Complaint"); and the entire record of this civil action, the Court will, for the reasons set forth below, **DENY**, in part, the Motion. In addition, the Court is requiring further briefing on Plaintiffs' negligence *per se* argument.

**FACTS**

The Complaint states a single cause of action against the Surveyor. According to Plaintiffs, the Surveyor acted negligently by failing to obtain the required written waiver from Plaintiffs to not set corner markers on the property located at 1805 Walnut Street, Wilmington,

DE 19809 (the "Covered Premises"). Thereafter, Surveyor relied on improperly placed iron pins. Surveyor then compounded this error by "…improperly rel[ying] upon the boundary information taken from a deed of record recorded in the Office of Recorder of Deeds in and for New Castle County."[1]

Plaintiffs allege that Surveyor and Matthew Longo, Esquire, worked together to obtain an easement, develop a mortgage survey plan ("MSP"), a revised MSP, and a legal description that, as of May 21, 2015, showed a twenty-foot easement for access and public utilities for the Covered Premises. Surveyor and Mr. Longo completed this work on or about June 9, 2015. Despite this, the Covered Premises remained landlocked because the easement obtained still did not provide access. Plaintiffs contend that this result is based, in part, on the Surveyor's negligence in conducting his work on the Covered Premises.

Plaintiffs filed the version of the Complaint applicable to the Surveyor on May 21, 2018.

## PARTIES' CONTENTIONS

### SURVEYOR'S CONTENTIONS

In the Motion, Surveyor contends he is entitled to summary judgment because: (i) Plaintiffs' claim is barred by the applicable statute of limitations; and (ii) Plaintiffs have not provided evidence concerning Surveyor's alleged negligence. Surveyor's first argument contends that Plaintiffs were aware of the access issues no later than August 25, 2014 and the metes and bounds issue no later than January 7, 2015. Because the relevant filing date for Surveyor is May 21, 2018, Surveyor claims that the applicable three-year statute of limitations had already expired.[2]

---

[1] 2d Am. Compl. at ¶ 39.
[2] Mot. at ¶¶ 8-9.

Surveyor next argues that Plaintiffs have failed to provide evidence that "any breach of any duty owed by Surveyor[ ] caused the alleged damages."[3]  Surveyor contends that Plaintiffs have not demonstrated that Surveyor's MSPs did not accurately reflect the actual state of the Covered Premises.  Moreover, Surveyor claims that Plaintiffs have no expert that will opine to any breach of a relevant standard of care by Surveyor.  Surveyor notes that Plaintiffs' expert report from Carmine F. Casper (Plaintiffs' Expert) contains no criticism of Surveyor's work or an opinion that Surveyor's purported negligence was the proximate cause of Plaintiffs' injury.

### PLAINTIFFS' CONTENTIONS

Plaintiffs oppose the Motion.  Plaintiffs argue that the applicable date for purposes of the three-year statute of limitations is June 9, 2015—the date when Attorney and Surveyor completed their work on the Covered Premises.[4]  Plaintiffs focus their claim against the Surveyor on conduct that took place on March 11, 2015, May 21, 2015 and June 9, 2015.[5]  The first date relates to a time when Attorney directed Surveyor to revise the metes and bounds on the MSP to show a ten-foot right of way.[6]  Surveyor then worked with Attorney, creating a second MSP, to record an easement with an adjacent property owner.[7]  In neither instance did Surveyor set corner markers.[8]  Moreover, Surveyor did not obtain a waiver from Plaintiffs to forego setting corner markers.[9]  In the end, the MSPs and property descriptions were incorrect and no right of access existed because, allegedly, the Surveyor completed the MSPs without setting corner markers.

---

[3] *Id.* at ¶ 13.
[4] Opp. at ¶ 10.
[5] *Id.* at ¶¶ 5-7.
[6] *Id.* at ¶ 5.
[7] *Id.*
[8] *Id.* at ¶ 7.
[9] *Id.*

Plaintiffs contend that their negligence claim is sustainable. Plaintiffs are relying on negligence *per se*.[10] Plaintiffs argue that Surveyor violated applicable rules and regulations relating to professional surveyors pursuant to Chapter 27 of Title 24 of the Delaware Code.[11] Plaintiffs contend that Surveyor's failure to obtain a waiver violated Regulation 12.7 of the Regulations for the Board of Professional Land Surveyors.[12] Plaintiffs state that this violation plus testimony from Mr. Fansler and Plaintiffs' Expert is enough to show a breach of the applicable standard of care, causation and damages.[13]

## DISCUSSION

### *LEGAL STANDARD*

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[14] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[15] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[16] The moving party bears

---

[10] *Id*. at ¶ 11.
[11] *Id*. at ¶¶ 12-13.
[12] *Id*. at ¶ 14.
[13] *Id*. at ¶ 15.
[14] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[15] *Id.*
[16] *See Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

4

the initial burden of demonstrating that the undisputed facts support his claims or defenses.[17] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[18]

### STATUTE OF LIMITATIONS

The limitations period applicable to Plaintiffs' negligence claim is governed by 10 *Del. C.* §8106. Under Section 8106, Plaintiffs had three years to file a negligence claim against Surveyor. Plaintiffs filed suit against Surveyor on May 21, 2018. Plaintiffs make no tolling argument. Accordingly, Surveyor's purported negligence will have had to accrue after May 22, 2015 for Plaintiffs' claim to be timely.

Surveyor focuses on the time when Plaintiffs had notice that the Covered Premises suffered access issues. Surveyor contends that Plaintiffs had notice of the access problems and metes and bounds issues no later than January 15, 2015.

However, as plead, Plaintiffs' negligence claim does not exclusively focus on events prior to January 15, 2015. The Second Amended Complaint asserts a claim regarding actions taken from March 11, 2015 through June 9, 2015. Plaintiffs contend that Surveyor's revised MSP in March 11, 2015 added a nonexistent easement. Thereafter, Attorney obtained an easement signed by all necessary parties but, allegedly, Surveyor's second revised MSP dated May 20, 2015 and corrected deed dated May 21, 2015 included an easement that also turned out to be defective. This problem was not discovered until sometime later when Plaintiffs' Expert conducted a survey and reset the property markers.

---

[17] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[18] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

Specifically, Plaintiffs contend that Surveyor had a duty to obtain a waiver from Plaintiffs "to not set corner markers."[19] As a result of this breach of duty, Surveyor "failed to inform [Plaintiffs] after the grant of the May 20, 2015 easement that the Covered Premises would remain landlocked."[20] Finally, Plaintiffs allege:

> During his field survey, Surveyor relied upon improperly place iron pins. Compounding the error, Surveyor improperly relied upon the boundary information taken from a deed of record recorded in the Office of Recorder of Deeds in and for New Castle County. (Instrument No. 20060403-0031442).[21]

As presented, the Court finds that questions of fact remain regarding the limitations period. Surveyor is characterizing Plaintiffs' claim in a manner not consistent with the Complaint. The Court, therefore, holds that there remain outstanding genuine issues of material fact and that the Surveyor is not entitled to judgment as a matter of law.

### NEGLIGENCE PER SE

Surveyor contends that Plaintiffs have no expert to opine as to Surveyor's purported breach of duty and proximate cause.[22] Plaintiffs disagree as to proximate cause but argue that no expert testimony is necessary because Surveyor's violation of Regulation 12.7 of the Regulations for the Board of Professional Land Surveyors constitutes negligence *per se*.[23]

In Delaware, "the violation of a statute or ordinance enacted for the safety of others is negligence in law or negligence *per se*."[24] Violations of mandated regulations by authorized agencies have the force of law.[25] "On a claim for negligence *per se,* a party must make a four-part showing."[26] First, the party "must show that the statute in question was enacted for the

---

[19] 2d Am. Compl. at ¶ 37.
[20] *Id*. at ¶ 38.
[21] *Id*. at ¶ 39.
[22] Mot. at ¶¶ 10-14.
[23] Opp. at ¶ 14.
[24] *Sammons v. Ridgeway*, 293 A.2d 547, 549 (Del. 1972).
[25] *Id*.
[26] *NVF Co. v. Garrett Snuff Mills, Inc.*, 2002 WL 130536, at *2 (Del. Super. Jan. 30, 2002).

6

safety of others."[27]   Next, the party "must demonstrate a causal connection between the statutory violation and the injury, and, that [the party] was a member of the class of persons the statute set out to protect."[28]   Then, the party "must show that the statute set forth a standard of conduct which was designed to avoid the harm [the party] suffered."[29]   Finally, the party "must show that [the other party] violated the statute by failing to comply with that standard of conduct."[30]

The Court is not convinced that Plaintiffs can meet this four-part test—especially the part of the test relating to this being a statute/regulation enacted for the safety of others.  Moreover, the Court does not believe the briefing and oral argument held on the Motion addressed this point adequately.  This is not the fault of the parties.  The parties' attorneys did a good job of presenting and arguing issues to the Court.  The Court failed to follow up on points regarding negligence *per se*, focusing, instead, on matters relating to proximate cause and damages.

The Court is aware that another motion for summary judgment has been filed by a co-defendant and been briefed.[31]   The Court, therefore, orders Plaintiffs and Surveyor to submit supplemental briefs no later than 4:00 p.m. on June 2, 2020 on the issue of negligence *per se*. The briefs can be no longer than eight (8) pages and should address the four-part test set out above.  The parties should not address the issue of damages in the supplemental briefs.

---

[27] *Id*. (citing *Sammons*, 293 A.2d at 549).
[28] *Id*. (citing *Sammons*, 293 A.2d at 549.
[29] *D'Amato v. Czajkjowsksi,* 1995 WL 945562, at *2 (Del. Super. Oct. 26, 1995) *(*citing *Wealth v. Renai,* 114 A.2d 809, 810–11 (Del. Super. 1955)).
[30] *NVF Co.*, 2002 WL 130536, at *2 *(*citing *Carroll v. Getty Oil Co.*, 498 F.Supp. 409, 412–13 (D. Del. 1980)).
[31] D.I. Nos. 143, 144 and 145.

## CONCLUSION

For the reasons set forth above, the Motion is DENIED as to Plaintiffs' claim being barred by the applicable statute of limitations. The Court is reserving judgment on the issue of whether Plaintiffs can rely on negligence *per se* until after the supplemental briefing is complete.

**IT IS SO ORDERED.**

Dated: May 12, 2020
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge