**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MARK FANSLER and LINDA GOLDSTEIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N17C-09-015 EMD |
| NORTH AMERICAN TITLE INSURANCE COMPANY, R. MATTHEW LONGO, LONGO & ASSOCIATES, L.P., RICHARD M. LONGO, HILLCREST ASSOCIATES, INC. and GLOBAL TITLE, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING DEFENDANTS RICHARD M. LONGO AND HILLCREST ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF NEGLIGENCE *PER SE***

Defendants Richard M. Longo and Hillcrest Associates, Inc. (collectively, "Surveyor") filed Defendants Richard M. Longo and Hillcrest Associates, Inc.'s Motion for Summary Judgment (the "Motion"). Plaintiffs Mark Fansler and Linda Goldstein ("Plaintiffs") opposed the Motion and filed Plaintiffs' Opposition to Richard M. Longo and Hillcrest Associates, Inc.'s Motion for Summary Judgment (the "Opposition"). For the reasons set forth below, the Court will **GRANT** the Motion as to the need for expert testimony to demonstrate breach and causation.

**INTRODUCTION**

The Court issued an opinion on the Motion on May 12, 2020 (the "Decision"). The Court denied in part the Motion, finding that a question of fact existed as to whether the Plaintiffs' claim against the Surveyor was barred by the applicable statute of limitations. The Court reserved decision on the issue of whether Plaintiffs can rely on negligence *per se* in their claim

against Surveyor. The Court asked for additional briefing by June 2, 2020. On June 24, 2020, the Court heard additional argument on the negligence *per se* issue. The Court then took the Motion under advisement.

The Complaint states a single cause of action against Surveyor. According to Plaintiffs, Surveyor acted negligently by failing to obtain the required written waiver from Plaintiffs to not set corner markers on the property located at 1805 Walnut Street, Wilmington, DE 19809 (the "Covered Premises"). Thereafter, Surveyor relied on improperly placed iron pins. Surveyor then compounded this error by "…improperly rel[ying] upon the boundary information taken from a deed of record recorded in the Office of Recorder of Deeds in and for New Castle County."[1]

Plaintiffs allege that Surveyor and Matthew Longo, Esquire, worked together to obtain an easement, develop a mortgage survey plan ("MSP"), a revised MSP, and a legal description that, as of May 21, 2015, showed a twenty-foot easement for access and public utilities for the Covered Premises. Surveyor and Mr. Longo completed this work on or about June 9, 2015. Despite this, the Covered Premises remained landlocked because the easement obtained still did not provide access. Plaintiffs contend that this result is based, in part, on the Surveyor's negligence in conducting his work on the Covered Premises.

### PARTIES' CONTENTIONS

Surveyor argues that Plaintiffs have failed to provide evidence that "any breach of any duty owed by Surveyor[ ] caused the alleged damages." Surveyor contends that Plaintiffs have not demonstrated that Surveyor's MSPs did not accurately reflect the actual state of the Covered Premises. Moreover, Surveyor claims that Plaintiffs have no expert that will opine to any breach

---

[1] 2d Am. Compl. at ¶ 39.

2

of a relevant standard of care by Surveyor. Surveyor notes that Plaintiffs' expert report from Carmine F. Casper (Plaintiffs' Expert) contains no criticism of Surveyor's work or an opinion that Surveyor's purported negligence was the proximate cause of Plaintiffs' injury.

Plaintiffs contend that their negligence claim is sustainable. Plaintiffs are relying entirely on negligence *per se*. Plaintiffs argue that Surveyor violated applicable rules and regulations relating to professional surveyors pursuant to Chapter 27 of Title 24 of the Delaware Code.[2] Plaintiffs contend that Surveyor's failure to obtain a waiver violated Regulation 12.7 of the Regulations for the Board of Professional Land Surveyors (the "Board"). Plaintiffs state that this violation plus testimony from Mr. Fansler and Plaintiffs' Expert is enough to show a breach of the applicable standard of care, causation and damages.

## DISCUSSION

In Delaware, "the violation of a statute or ordinance enacted for the safety of others is negligence in law or negligence *per se*."[3] Violations of mandated regulations by authorized agencies have the force of law.[4] "On a claim for negligence *per se,* a party must make a four-part showing."[5] First, the party "must show that the statute in question was enacted for the safety of others."[6] Next, the party "must demonstrate a causal connection between the statutory violation and the injury, and, that [the party] was a member of the class of persons the statute set out to protect."[7] Then, the party "must show that the statute set forth a standard of conduct

---

[2] *Id*. at ¶¶ 12-13.
[3] *Sammons v. Ridgeway*, 293 A.2d 547, 549 (Del. 1972).
[4] *Id*.
[5] *NVF Co. v. Garrett Snuff Mills, Inc.*, 2002 WL 130536, at *2 (Del. Super. Jan. 30, 2002).
[6] *Id*. (citing *Sammons*, 293 A.2d at 549).
[7] *Id*. (citing *Sammons*, 293 A.2d at 549.

3

which was designed to avoid the harm [the party] suffered."[8]   Finally, the party "must show that [the other party] violated the statute by failing to comply with that standard of conduct."[9]

Plaintiffs support their negligence per se claim on regulations promulgated by the Board, specifically Regulation 12.1 and 12.7. In the Decision, the Court provided that it was not convinced that Plaintiffs can meet this four-part test as it relates to Regulation 12.7 being a statute/regulation enacted for the safety of others. The Court noted that its confusion on the matter was not the fault of the parties. The parties' attorneys did a good job of presenting and arguing issues to the Court. Rather, the Court failed to follow up on points regarding negligence per se, focusing, instead, on matters relating to proximate cause and damages.

After reviewing the supplemental briefing and hearing from the parties, the Court holds that Plaintiffs cannot rely on negligence per se with respect to claims against Surveyor. The Supreme Court, in Tydings v. Loewenstein, 505 A.2d 443 (Del. 1986), has held that the licensing statutes found in 24 Del. C. § 2701 et seq. do not define a standard of care and a violation of the statutes cannot constitute negligence per se. Id. at 446. In Tydings, the trial court refused to instruct the jury on negligence per se. The plaintiff appealed. The Supreme Court affirmed and stated the statutes involved—24 Del. C. §§ 2701 and 2802—were licensing statutes which do not define a standard of conduct. The Supreme Court found that fatal to plaintiff's argument that a violation of those statutes constituted negligence per se. Accordingly, the Supreme Court upheld the Court's decision not to provide a negligence per se instruction.

Plaintiffs do not address the holding in Tydings. Instead, Plaintiffs argue that the Board promulgated regulations that Surveyor failed to follow and that constitutes the negligence per se.

---

[8] D'Amato v. Czajkjowsksi, 1995 WL 945562, at *2 (Del. Super. Oct. 26, 1995) (citing Wealth v. Renai, 114 A.2d 809, 810–11 (Del. Super. 1955)).
[9] NVF Co., 2002 WL 130536, at *2 (citing Carroll v. Getty Oil Co., 498 F.Supp. 409, 412–13 (D. Del. 1980)).

4

Surveyor counters by contending that the General Assembly did not grant the Board the power to create private causes of action. As such, a violation of a regulation promulgated by the Board cannot constitute negligence *per se*.

The Court agrees with the argument forwarded by Surveyor. The statute does not provide the Board with the authority to grant a private cause of action for a violation of Board promulgated regulations. *See, e.g., O'Neill v. Town of Middletown*, 2006 WL 4804652 (Del. Ch. Jan. 18, 2006). In *O'Neill*, the Court of Chancery reviewed 17 *Del. C.* §§ 131 and 508. The Court of Chancery noted that neither statute provided for the creation of an express or implied private right of action. *Id.* at *26. Section 508 contained the following language:

> [i]n order to carry out the purpose of this section, the Department shall make and publish rules, regulations, standards and/or specifications for planning, designing, constructing and maintaining any new road or street. *Id.*

The Court of Chancery held that this language only provides the agency with the power to adopt regulations and fail to indicate any intent to create either a right or remedy for plaintiffs. *Id.*

The language in Section 508 is similar to the language contained in 2706(c). Subsection (c) provides:

> The Board may establish minimum technical or general standards to regulate the practice of land surveying within the state and may establish minimum requirements for the continuing education of registrants.

The language of Section 2706(c) further demonstrates that 24 *Del. C.* § 2701 *et seq.* is a licensing statute and not one defining a standard of care or one creating a private cause of action. In addition, nothing in the statute indicates any intent to confer to the Board the power to create private rights or remedies. Plaintiffs citation to Regulation 12.1 does not alter this analysis. The regulations are the way that the Board enforces surveyor licensing and standards but that does not mean that the General Assembly authorized the Board to create private remedies. Without

5

the statutory power to create a private right or remedy, the Board cannot do that through the language of a particular regulation.

If Plaintiffs' claim against the Surveyor went to trial, the Court could not—given the decision in *Tydings*—instruct the jury as to negligence *per se*. Unlike in *Sammons v. Ridgeway*, 293 A.2d 547 (Del. 1972), or *Capital Management Co. v. Brown*, 813 A.2d 1094 (Del. 2002), the Supreme Court has already addressed and held that violations of Title 24 do not constitute negligence *per se*. Plaintiff has failed to demonstrate that *Tydings* is not controlling here or is otherwise distinguishable. Moreover, as Plaintiff has developed their argument on Count II, the Court has become convinced that expert testimony would be necessary to show that failing to abide by Regulation 12.7 was the proximate cause of Plaintiffs' injury.

## CONCLUSION

The Court holds that violation of Regulation 12.7 does not constitute negligence *per se*. As conceded, Plaintiffs have provided no other testimony demonstrating that Surveyor breached a standard of care proximately causing injury. Accordingly, Surveyor is entitled to summary judgment. The Motion is **GRANTED** and **JUDGMENT** is entered in favor of Surveyor on Count II of the Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: September 29, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

6